240 So.2d 694

**Raymond C. POUCHER**

v.

**STATE.**

3 Div. 31.

Court of Criminal Appeals of Alabama.

June 16, 1970.

Rehearing Denied Aug. 25, 1970.

1. Also, Puritans (no doubt afterwards washing out their mouths) used this pejorative in referring to the Cavaliers.

Engineers, Inc. v. Reese, 283 Ala. 355, 217 So.2d. 66.

If "agent" refers to any agent the sheriff might choose, then the maxim delegatus non potest delegare intervenes. Hence, we conclude that Sheriff Riggins (or a duly commissioned deputy) is the only lawfully nominated agent of the State of Georgia.

" * * * Likewise the executive warrant of the Governor of Texas for relator's arrest is valid, except in so far as it commands that relator be turned over to the agent named in said requisition from the Governor of New York. This does not necessarily entitle relator, however, to his discharge, since provisions of the United States Statutes appear to authorize the holding of fugitives from justice under the circumstances shown here for six months [now thirty days] from the time of the arrest, at which time the prisoner may be discharged. See section 10126 (R.S. § 5278) United States. Compiled Statutes 1916 (18 USCA § 662) [now is U.S.C.A. § 3182]. We have no right to assume that the sheriff of Bexar county will improperly surrender the custody of relator. The judgment will therefore be reformed so as to remand relator to the custody of the sheriff of Bexar county, to be surrendered by him to a proper agent of the state of New York, provided he appears within six months [now thirty days] from the time of the arrest of relator, and, if he fails to do so, relator to be by him discharged." (Bracketed material added), Ex parte Pinkus, 114 Tex.Cr.R. 326, 25 S.W.2d 334.

In harmony with Ex parte Wells, 108 Tex.Cr.R. 57, 298 S.W. 904(9), we hold that the designation of Sheriff Riggins includes his duly commissioned deputy. This, because the deputy is not strictly an agent

L. H. Walden, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

Habeas corpus appeal[1] to resist extradition to Georgia.

Governor Brewer's rendition warrant faithful to the demand of Governor Maddox calls for delivery up to "Sheriff J. Astor Riggins and/or AGENT."

"And/or," if it has any meaning, means "either or both of." Hays v. McCarty, 239 Ala. 400, 195 So. 241; see also special concurring opinion of Bloodworth, J., Air

---

1. By reason of a request for oral argument November 26, 1969, under Supreme Court Rule 16, § 3 and Code 1940, T. 13, § 22, this cause was not ready for submission until the week of May 11, 1970. On Friday, May 8, appellant filed a written waiver of oral argument which the State did not oppose.

of a sheriff but is his alter ego. Mosely v. Kennedy, 245 Ala. 448, 17 So.2d 536.

The judgment below, insofar as it calls for remandment of Poucher to the Sheriff of Montgomery County, is affirmed. The provision therein for delivery over is modified so as to confine that act to delivery to Sheriff J. Astor Riggins or to his duly commissioned deputy.

Other points raised show no errors.

Judgment modified and affirmed.