DeLores C. RUPE, Appellant (Plaintiff below),

v.

FIRST NATIONAL BANK AT DOUGLAS and James Caldwell, Sheriff of Converse County, Wyoming, Appellees (Defendants below).

No. 3887.

Supreme Court of Wyoming.
May 28, 1971.

See also Wyo., 485 P.2d 387.

Alfred G. Kaufman, Jr., Douglas, Bard Ferrall, Cheyenne, for appellant.

Joseph B. Sullivan, Douglas, for First National Bank at Douglas. Thomas A. Burley, Douglas, for James Caldwell.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

DeLores C. Rupe, plaintiff, commenced an action in replevin to recover a GMC livestock truck. The facts are not complicated or in material dispute.

Title to the vehicle was in the name of Thomas N. Rupe and/or DeLores C. Rupe. The defendant bank was a judgment creditor of Thomas N. Rupe only. It caused the sheriff to levy on the vehicle to satisfy its judgment. The vehicle was sold on execution sale the next day after plaintiff had commenced her replevin action.

At pretrial conference counsel for plaintiff agreed to file a motion for summary judgment and all counsel conceded no genuine question of material fact existed. The parties then filed affidavits and briefs in the district court. The court found, by use of the phrase "and/or," the parties did not own the property as tenants by the entireties nor by any of the familiar forms of co-tenancy, neither joint nor common; that "and/or" means or; and thus either Thomas N. Rupe or DeLores C. Rupe had power without reference to the other to alienate. The plaintiff's complaint for possession and plaintiff's motion for summary judgment were both denied.

Plaintiff has appealed, and we are asked to hold that title to the motor vehicle was in Thomas N. Rupe and DeLores C. Rupe, as tenants by the entirety.

Let us first point out that apparent on the face of the certificate of title itself is a presumption that a purchaser could safely accept a transfer of title duly executed by the husband "and" the wife. Also it appears from the face of the instrument itself that a purchaser would be safe in accepting a transfer executed by the husband alone "or" executed by the wife alone. A literal interpretation of the phrase "and/or" leads to such a result.[1]

Appellant has cited numerous cases and authority dealing with tenants by the entirety and with an interpretation of the phrase "and/or" where personal property is involved. We fail to find persuasive authority, however, for the proposition that the plaintiff and her husband should have been considered tenants by the entirety with respect to their ownership of the vehicle here involved. Also, we fail to find persuasive authority contradicting the proposition that good title to the Rupe vehicle could have been transferred by the husband acting alone "or" by the wife acting alone.

In Wambeke v. Hopkin, Wyo., 372 P.2d 470, 475, we pointed out the supreme court, in Hill v. Breeden, 53 Wyo. 125, 79

---

1. As stated in Thomas v. Penn Mutual Fire Insurance Company, 244 S.C. 581, 137 S.E.2d 856, 859, the phrase "and/or" means either "and" or "or." Webster's Third International Dictionary, 1961 Edition, defines "and/or" as "a function word to indicate that words are to be taken together or individually (men *and/or* women means men *and* women or men *or* women)." See also Oman Construction Co. v. Tennessee Central Ry. Co., 212 Tenn. 556, 370 S.W.2d 563, 572; Poucher v. State, 46 Ala.App. 272, 240 So.2d 694, reh. den. 286 Ala. 736, 240 So.2d 695; Longacre v. Knowles, Mo., 333 S.W.2d 67, 70; and Coplen v. Zimmerman, Mo., 271 S.W.2d 513, 515.

P.2d 482, 487, declined to decide whether a tenancy by the entirety can exist in personal property in Wyoming. We stated, whether a husband and wife take title by entirety to personal property transferred to them in their joint names has been held a question on which the authorities are in hopeless conflict. We therefore chose to resolve the controversy presented in *Wambeke* without saying whether a husband and wife take title by entirety to personal property transferred to them in their joint names.

We think there is no more reason for deciding that question in this case than there was in *Wambeke*. Indeed, there may be an added reason for not doing so. In *Wambeke* we discussed the need for unity of *interest, title, time,* and *possession* in order to have a joint tenancy or tenancy by the entirety.

We would have no doubts about unity of interest and unity of title when Thomas N. Rupe *and* DeLores C. Rupe are thought of as the owners. But do we have the necessary unities when the disjunctive rather than the conjunctive is used and Thomas N. Rupe *or* DeLores C. Rupe are thought of as the owners? We have not researched the question; and since counsel in the case have not discussed the matter, we will not discuss or decide it.

We are reminded that in recent years it has become a common practice in the business world to use the phrase which was used here, in showing ownership to motor vehicles, bank accounts, safety deposits, time certificates, government bonds and the like. Regardless of which party has accumulated the property, banks and institutions and government agencies do not hesitate in accepting checks or transfers signed by one of the parties only. We would not want to make a ruling here which might disrupt established commercial procedures.

It is only fair to say we realize banks and savings institutions quite generally require a signature card which expressly authorizes the signature or signatures to be used. We have noticed, however, when government bonds are issued in the name of a husband "and/or" his wife, such bonds can be cashed on the signature of either party only.

When it is remembered that the plaintiff-appellant here has the burden of proving to the satisfaction of the courts that the law is what she claims it to be and that the facts support her theory, we are left with the inescapable conclusion that she has failed to meet that burden. We spoke earlier of a literal interpretation of the phrase "and/or." When such literal interpretation is followed and the alternate word "or" is substituted for the word "and," according to the intention indicated by use of the phrase, it becomes apparent the order of the district court must be affirmed.

In affirming such order, we are not disturbed because no brand or name has been given to the title involved. We consider it unnecessary to do so.

Affirmed.

Mr. Justice PARKER, concurring in the result.

I concur with the result reached by the present opinion since, as conceded by the appellant, cases relating to the use of "and/or" cannot be resolved on generalities but rather according to the pertinent facts of each case. In Wambeke v. Hopkin, Wyo., 372 P.2d 470, 475–476, we recognized tenancy by the entireties as to personal property and set out the minimum requirements therefor. In Hundley v. Neely, Wyo., 365 P.2d 196, 198, we indicated the importance of the parties' intentions for the creation of a joint tenancy and such intentions are no less important as to tenancy by the entireties. The trial court here was warranted in concluding that under the circumstances disclosed by the record tenancy by the entireties did not exist.