**Winniebell FEHLING, Plaintiff,**

v.

**Carl CANTONWINE and Juanita Cantonwine, Defendants.**

**No. C74–66.**

United States District Court,
D. Wyoming.

Aug. 27, 1974.

Alan L. Sulzenfuss, Salida, Colo., and Jack R. Gage of Hanes, Carmichael, Johnson, Gage & Speight, P.C., Cheyenne, Wyo., for plaintiff.

Richard M. Davis, Jr., of Burgess & Davis, Sheridan, Wyo., for defendants.

*Judge's Memorandum*

KERR, District Judge.

This matter, like the phoenix, rises from the ashes of its predecessor in this Court. See Fehling v. Cantonwine (No. 5937 Civil, Decided April 2, 1974). The facts are identical save for one allegation. The parties in this suit are the same as in the prior action. Plaintiff now, as previously, seeks to recover on five promissory notes, each in the amount of Three Thousand Dollars ($3,000), executed by the defendants. In contrast to the prior suit plaintiff now alleges that she is the owner of the notes in their entirety. The notes were made on or about October 1, 1966, within the State of Wyoming, the defendants being the obligors. The notes were payable to "Frank Fehling and Winniebelle (sic) Fehling." Frank Fehling was the husband of plaintiff and is now deceased. On October 20, 1966, approximately nineteen days after the notes were made, the deceased, Frank Fehling, attested to his Last Will and Testament. In Article Eight, the testator provided:

> "I hereby give, devise and bequeath to my nephew, Carl Cantonwine, his heirs and assigns, of Spotted Horse, Wyoming, if he survives me, the sum of Ten Thousand ($10,000) Dollars, and I direct my Executors hereinafter named to forgive any indebtedness which the said, Carl Cantonwine, and/or his wife may owe me at the time of my death and to fully cancel and satisfy said indebtedness."

In this respect it appears that testator's executor and executrix (plaintiff herein) did not cancel and satisfy the indebtedness as directed but instead the promissory notes were assigned to plaintiff.

In the prior action plaintiff brought suit to recover on the notes. In her complaint in the prior matter plaintiff alleged as follows:

"And that the Last Will and Testament of Frank Fehling, Deceased . . . did forgive all indebtedness which Carl and Juanita Cantonwine did owe said Frank Fehling.

And that your Plaintiff is the owner of one half of the above mentioned promissory notes and that the defendants have refused to pay the same despite demands."

After hearing, the prior suit was dismissed on the basis that the matter in controversy did not exceed the sum of Ten Thousand Dollars ($10,000), exclusive of interest and costs. See 28 U.S.C.A. § 1332. Plaintiff had sought to recover "ten thousand six hundred dollars ($10,600) being interest and principal on said notes to date." Plaintiff now seeks, on the basis that she has a full undivided interest rather than one-half undivided interest, to recover twenty-one thousand nine hundred thirty dollars ($21,930).

Defendants have again moved to dismiss on the ground that no claim is stated based upon the release and discharge in the will of the decedent. In response, plaintiff counters that the motion improperly raises an affirmative defense and alleges that the prior suit is no bar as it was dismissed without prejudice and that the matter is not properly subject to disposition at this time as the intent of testator must be determined.

■■ In this review of the facts the Court has looked to other records of this Court; that is, the prior suit involving the same parties and subject matter. This it may do. See Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972); 2A Moore's Federal Practice § 12.09. In considering the motion the Court has viewed the facts, taking them to be true, in the light most favorable to the plaintiff following the well established maxim that when jurisdiction is in doubt the court should resolve the doubt against the party asserting the same.

■ It unnecessarily limits the scope and purposes of the Rules to declare that an affirmative defense may not, ipso facto, be raised by motion. A motion may be made where as here it could easily be said, in light of the history and origin of the case, that the defense in fact arises from the face of the complaint. See Colonial Airlines v. Janas, 202 F.2d 914 (2nd Cir. 1953), raising defense of accord and satisfaction by motion; 2A Moore's Federal Practice § 8.28. The defense of discharge may be raised, in this case, by motion to dismiss.

Wyoming Statutes, § 34–3–116 (1957) provides that "An instrument payable to the order of two or more persons . . . (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them." The notes which are the basis of this suit were payable to "Frank Fehling and Winniebelle Fehling." No right of survivorship is stated and, although the payees were husband and wife, this is not indicated on the notes. The notes were payable jointly. It has been said that "Unless it is expressly stated in the instrument that survivorship shall exist between the joint payees, there is no survivorship and the interest of each passes as in a tenancy in common." R. Anderson, Uniform Commercial Code § 3–116.9 (2nd ed. 1971). According to this view the proportionate share of the deceased payee would pass under his will or by intestacy rather than to the surviving payee. Was the discharge by the testator valid or did his interest pass to his spouse by right of survivorship, irrespective of the testator's desires and instructions? The dilemma, otherwise stated, is whether the payees held as tenants in common or as tenants by the entirety?

The Wyoming Supreme Court, *apparently*, has not resolved whether a tenancy by the entirety can exist in personal property. In Rupe v. First National

Bank at Douglas, 485 P.2d 384 (Wyo. Sp.Ct.1971), the Court stated, "In Wambeke v. Hopkin, 372 P.2d 470, 475 (Wyo.Sp.Ct.1962) we . . . declined to decide whether a tenancy by the entirety can exist in personal property in Wyoming." Id. at 385. Despite this disclaimer it would appear that the Wyoming Supreme Court did in fact decide in Wambeke v. Hopkin that a tenancy by the entirety could exist in personal property, albeit not in all personal property. Support for this conclusion comes from Justice Parker's concurrence in Rupe v. First National Bank, above at 386, wherein he stated, "In Wambeke v. Hopkin . . . we recognized tenancy by the entireties as to personal property and set out the minimum requirements therefor." In Wambeke v. Hopkin, above at 476, the Court held that in order to create a joint tenancy or tenancy by the entirety in personal property one of the following must exist:

"1. Each of the four unities of interest, time, title, and possession must be present, with the added unity of person for a tenancy by the entirety; or

2. In the absence of one or more of the first four unities, it must be evident from the language of the instrument itself that the parties thereto intended to create a right of survivorship."

In Wambeke v. Hopkin, supra, a promissory note was involved. It was payable to "Leo Hopkin and Eileen Hopkin." Children of the decedent contested the widow's right to the note as her personal property. After laying out the above requirements for a joint tenancy the Court found that either payee could receive payment and dissipate the debt and that this was inconsistent with the unity of interest. It further said, 372 P.2d at 476, "But even more fatal to the theory of a common-law joint tenancy in a promissory note is the fact that such an instrument is merely evidence of a debt—a chose in action. It is not an object of possession. . . . Thus, the . . . promissory note being a chose

in action and not property capable of being possessed, there is with respect to it an absence of unity of possession, and a common-law joint tenancy or tenancy by the entirety fails."

 It is clear that nothing appears in the note which could be construed as a prima facie showing of an intent to create a right of survivorship so as to invoke the second alternative. As a corollary it is noted that joint tenancies are not favored and such will not be implied or presumed. See 20 Am.Jur.2d Cotenancy and Joint Ownership § 11.

 This Court in this diversity action sits as a Wyoming state court and shall therefore attempt to follow what the law may be in Wyoming. Under the foregoing it is clear that a joint tenancy was not created by the notes herein, the unity of possession lacking. Accordingly, plaintiff did not acquire an interest in the notes by their entirety as the supposed surviving joint tenant.

Although it is said that a joint tenant cannot bequeath or devise his interest for the devise does not take effect until after the devisor's death and the claim of the surviving tenant arises in the same instant with that of the devisee and is preferred thereto, see 20 Am.Jur. 2d Cotenancy § 3, that view begs the issue, for here no joint tenancy was created ab initio. Plaintiff, instead, was in the position of a tenant in common.

 As a tenant in common no right of survivorship is vested in plaintiff and decedent, as a co-tenant, could discharge his interest. Support is found in the Official Code Comment to the Uniform Commercial Code § 3–116, Wyo.Stat. § 34–3–116, which indicates that no right of survivorship exists where payees are conjunctively named. R. Anderson, Uniform Commercial Code, § 3–116:9 (2d ed. 1971). In addition the Official Comment to the Uniform Commercial Code, § 3–110, as enacted in Wyoming, states: "[A]n instrument payable to 'A and B' is intended to be payable to the two parties as tenants in common, and there is no survivorship in

the absence of express language to that effect."

Further, if as plaintiff alleges, construction of and interpretation of the will would be required to resolve the matter, then the question is posed whether this does not in itself divest the Court of jurisdiction? Construction and interpretation of this will would appear to be supplementary to the duties of the probate court and not an independent proceeding. The Court lacks jurisdiction in such circumstances. See Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1917); see also Porter v. Bennison, 180 F.2d 523 (10th Cir. 1950); Ferguson v. Patterson, 191 F.2d 584 (10th Cir. 1951); Rice v. Sayers, 198 F.2d 724 (10th Cir. 1952).

The issue has not been raised by either party, nor any claim made, that the discharge operated to violate a widow's right to claim by statute, see Wyo.Stat. § 2–47 (1957), and it has not been considered.

Based on the foregoing the motion to dismiss should be granted and an order will be entered accordingly.