**In re Donald Rae ANSELMI, Debtor.**

**Bankruptcy No. 84-00741-A.**

United States Bankruptcy Court, D. Wyoming.

June 5, 1985.

Steven E. Snyder, of Holme Roberts & Owen, Denver, Colo., for debtor.

Gary A. Barney, Lander, Wyo., trustee, pro se.

Georg Jensen, Cheyenne, Wyo., for Howard T. Carroll and Richard E. Shanor.

Peter J. McNiff, of Carmichael, McNiff & Patton, Cheyenne, Wyo., for First Wyoming Bank, N.A.–Kemmerer.

Philip Nicholas, of Corthell and King, Laramie, Wyo., for First Interstate Bank of Laramie, N.A.

## MEMORANDUM OPINION

HAROLD L. MAI, Bankruptcy Judge.

THIS MATTER came before the court on March 8, 1985 upon the Objection to Claimed Exemptions filed herein by Howard T. Carroll and Richard E. Shanor; Steven E. Snyder, of Holme Roberts & Owen, Denver, Colorado, appearing for the debtor; Gary A. Barney, Lander, Wyoming, for himself as trustee; Georg Jensen, Cheyenne, Wyoming, for Howard T. Carroll and Richard E. Shanor; Peter J. McNiff, of Carmichael, McNiff & Patton, Cheyenne, Wyoming, for First Wyoming Bank, N.A.–Kemmerer; Philip Nicholas, of Corthell and King, Laramie, Wyoming, for First Interstate Bank of Laramie, N.A.

### CASE SUMMARY

The court has jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. § 1334, and the General Order of Reference of the United States District Court for the District of Wyoming, dated July 19, 1984, entered pursuant to 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

### BACKGROUND

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 4, 1985. The debtor is married, but his wife did not join in the petition. On his B–4 schedule, the debtor claimed as exempt two parcels of real property and various items of personal property. The real property claimed as exempt consists of the debtor's undivided one-half interest in a residence in Jackson, Wyoming, valued at $250,000, and a condominium in Rock Springs, Wyoming, valued at $32,000. The personal property claimed as exempt, and the estimated value of the debtor's undivided one-half interest therein, are as follows: (1) household goods and furnishings for

three homes, which are located in Rock Springs, Wyoming, and Jackson, Wyoming, and Guaymas, Sonora, Mexico ($5,410); (2) certain paintings and statuary (hereinafter "artwork") ($8,111.50); (3) 46,000 shares of stock in the Outlaw Inn, Inc. ($350,000)[1]; (4) payments due under contracts for deed for the sale of 12 condominium units in the Kelly Condominium Complex in Jackson, Wyoming ($71,500); and (5) a beneficial interest in a Mexican Trust, which entitles the debtor and his wife to the use of a condominium in Guaymas, Sonora, Mexico ($32,000).[2]

The debtor claims that all of the foregoing properties are held with his wife as tenants by the entireties under Wyoming law and, thus, are exempt pursuant to Section 522(b)(2)(B) of the Bankruptcy Code. Howard Carroll and Richard Shanor, creditors and parties in interest within the meaning of 11 U.S.C. § 522(*l*), objected to the claimed exemptions.

The matter was heard by the court on March 8, 1985, and taken under advisement. Having fully considered the evidence presented, the memorandum of law filed by the debtor, the arguments of counsel, and having reviewed the applicable authorities, the court shall render its decision as follows.

## DISCUSSION

### Entirety Property Under Section 541

Under Section 541(a) of the Bankruptcy Code, the commencement of a voluntary Chapter 7 case, which is initiated by filing a petition under Section 301, creates an estate, consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." Congress intended for "property of the estate" to be broadly defined to include all kinds of property, including tangible or intangible property and causes of action. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News, p. 6323.

■ Bankruptcy courts and appellate courts have been nearly unanimous in holding that the debtor's interest in the entirety property is property of the estate under Section 541(a)(3)[3]. This court fully agrees. Once all property of the debtor comes into the estate under § 541, the debtor may then exempt certain property under 11 U.S.C. § 522(b).[4] "Technically, the debtor, rather than initially withholding property that he claims as exempt, will actually be seeking a return from the estate of the property in question." 3 COLLIER ON BANKRUPTCY ¶ 522.26, at 522.76 (15th ed. 1985).

### Exemptions Under The Bankruptcy Code

In its 1973 Report, the Commission on the Bankruptcy Laws of the United States recommended uniform federal exemptions to supersede conflicting state and federal laws granting or restricting exemption. *Report of the Commission on the Bankruptcy Laws of the United States*, H.R. Doc. No. 93–137, 93d Cong., 1st Sess., Pt. I at 170, Pt. II at Section 4–503 (1973). The bankruptcy bill drafted by the National Conference of Bankruptcy Judges in re-

---

1. The debtor is the President and General Manager of the Outlaw Inn, Inc.

2. On March 7, 1985, the debtor amended his B–4 schedule to delete the following items originally claimed as exempt, because he no longer asserts an interest as a tenant by the entirety: (1) a 1985 Volkswagen Rabbit; (2) an undivided one-half interest in the DRA Investment Co., a family partnership; (3) 1,000 shares of stock in Lionel Co., Inc.; and (4) an apartment building in Rock Springs, Wyoming.

3. *See Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (4th Cir.1983); *Napotnik v. Equi-*

*bank and Parkvale Savings Ass'n.,* 679 F.2d 316 (3rd Cir.1982); *In re Ford,* 3 B.R. 559 (Bkrtcy.D. Md.1980), *aff'd sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). *See also* 4 COLLIER ON BANKRUPTCY ¶ 541.07[8][b], at 541–36 (15th ed. 1985); 1 Norton Bankruptcy Law and Practice § 24.18, at pt. 27–p. 16 (1981). *Contra Matter of Jeffers,* 3 B.R. 49 (Bkrtcy.N.D.Ind.1980).

4. Section 522(b) provides, in pertinent part: "[n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection."

sponse to the Commission Bill would have allowed the debtor to choose between the exemptions provided under state law, and those provided in the federal bankruptcy statute. *See Hearings on H.R. 31 and H.R. 32 Before the Subcomm. on Civil and Constitutional Rights of the House Judiciary Comm., 94th Cong., 1st and 2d Sess., Ser. No. 27, App., at 146–51 (1976)*.

As enacted, Section 522(b) represents a compromise between H.R. 8200, the House Bill, which allowed debtors to choose between state or federal exemptions, and S. 2266, the Senate version, which contained no provision for any federal bankruptcy exemptions. *See* 124 Cong.Rec. H11,095 (daily ed. Sept. 28, 1978) (Remarks of Representative Edwards). That compromise, found at Section 522(b)(1), allows each state to "opt out" of the federal exemptions provided in Section 522(d), but does not allow states to "opt out" of Section 522 in its entirety. *Eanes v. Shepherd*, 33 B.R. 984, 987 (W.D.Va.1983); *In re Thacker*, 5 B.R. 592, 594 (Bkrtcy.W.D.Va.1980).

The State of Wyoming has exercised its prerogative to "opt out" of the exemptions package enacted by Congress. § 1–20–109, W.S.1977, 1982 Cum.Supp. Thus, an individual debtor in a bankruptcy case in the State of Wyoming may only exempt from the estate the property listed in paragraph (2) of 11 U.S.C. § 522(b). Subparagraph (A) of that section provides that such a debtor may exempt "any property that is exempt under Federal law, other than subsection (d) of this section [the federal system of exemptions] or State or Local law." This subparagraph embraces all of the statutory exemptions provided for by the Wyoming legislature, including the homestead exemption (§§ 1–20–101 to 1–20–104, W.S. 1977, 1983 Cum.Supp.); the "tools of the trade" exemption (§ 1–20–106(b), W.S.1977, 1982 Cum.Supp.); and a household goods exemption (§ 1–20–106(a)(iii), W.S.1977, 1984 Cum.Supp.) *See generally* 7 COLLIER ON BANKRUPTCY, *supra*, at 761 through 776.1 (listing and commenting upon Wyoming exemptions).

In addition to the exemptions specifically provided for by the applicable Wyoming statutes, subparagraph (B) of § 522(b)(2) permits the exemption of "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." Rather than creating an additional exemption, § 522(b)(2)(B) simply recognizes the right which exists under the laws of certain states, to protect entirety property from execution by the creditors of one spouse. *See* 1 NORTON BANKRUPTCY LAW AND PRACTICE, *supra*, § 26.09, at pt. 26–p. 11. Generally, courts interpreting the phrase "exempt from process" in Section 522(b)(2)(B) have equated it with immunity from the reach of creditors. *See In re Thacker, supra*, 5 B.R. at 595; *In re Redmond*, 15 B.R. 437, 439 (Bkrtcy, E.D.Tenn, 1981); S. Block, "Creditors' Rights Against Entireties Property In and Out of Bankruptcy." 1983 Ann.Surv.Bankr.L. 239, 249 notes 102, 104.

■ Since there is no federal law of property, it is necessary to look to state law to determine the nature, extent, and effect of the debtor's interest in a tenancy by the entirety, and whether that interest is immune from the reach of creditors under "the applicable law." *Matter of Cipa*, 11 B.R. 968 (Bkrtcy.D.Pa.1981); *Matter of Crum*, 6 B.R. 138, 141 (Bkrtcy.M.D.Fla. 1980); 4 COLLIER ON BANKRUPTCY, *supra*, ¶ 541.07[8][a], at 541–34. *See Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93–137, 93d Cong., 1st Sess. Pt. 1 at 194 (1973)*.

■ In Wyoming, as in several other states, the exemption from process of entirety property from the debts of a single spouse is not codified by statute, rather it is a matter of common law as interpreted by judicial decisions. *See Peters v. Dona*, 49 Wyo. 306, 54 P.2d 817, 826 (1936) (husband's interest in an estate by the entirety

not subject to execution for his separate debt); *Ward Terry and Co. v. Hensen*, 75 Wyo. 444, 297 P.2d 213, 220 (1956) (property held by entirety not subject to action based on indebtedness of husband alone); *Rupe v. First National Bank at Douglas*, 485 P.2d 384, 385 (Wyo.1971) (where vehicle *not* held as tenancy by the entirety, it is subject to execution sale under judgment against husband alone). "The applicable law" referred to by Section 522(b)(2)(B) includes both the state's statutory law and the common law as interpreted by the courts. *In re Redmond*, 15 B.R. 437 (Bkrtcy.E.D.Tenn.1981). Section 522(b)(2)(B) then, requires the court to determine the nature of the debtor's interest in property held as tenant by the entirety and the status of that interest under Wyoming law. *See Matter of Jones*, 31 B.R. 372, 376 (Bkrtcy.D.Mich.1983). It is to that matter that the court now turns.

*The Real Property*

█ The objecting creditors have not objected to the claimed exemption of the debtor's residence in Jackson, Wyoming, or of the condominium in Rock Springs, Wyoming, as property held as tenants by the entirety. The debtor asserts, and the objecting creditors do not contest, that the Jackson property is titled in "Donald R. Anselmi and Dora J. Anselmi, husband and wife," and the Rock Springs condominium is titled in "Donald and Dora Anselmi, husband and wife, as tenants by the entireties." Under Wyoming law, a conveyance of real property to a husband and wife, without more, creates a presumption of a tenancy by the entirety. *Witzel v. Witzel*, 386 P.2d 103, 105 (Wyo.1963); *Dona v. Peters, supra*, 54 P.2d at 820. The words of purchase[5] in each conveyance clearly establish a tenancy by the entirety in the real property.

█ Moreover, in the absence of a timely objection, the claimed exemptions must be allowed. Section 522(*l*) provides that "[u]nless a party in interest objects, the

property claimed as exempt [on the debtor's B–4 schedule] is exempt." A debtor's proper claim of exemptions becomes final and shall be deemed allowed unless a creditor files an objection to the schedule of property claimed as exempt within 30 days after the meeting of creditors pursuant to Section 341 of the Code. Bankruptcy Rule 4003(b). Therefore, the real property claimed as exempt shall be allowed.

*The Personal Property*

It appears that Wyoming is among the minority of states which recognize tenancy by the entirety in personal property. *See Fehling v. Cantonwine*, 379 F.Supp. 1250 (D.Wyo.1974). In *Fehling,* the federal district court, attempting to apply Wyoming property law, stated:

> The Wyoming Supreme Court, *apparently,* has not resolved whether a tenancy by the entirety can exist in personal property. In *Rupe v. First National Bank at Douglas*, 485 P.2d 384 (Wyo.Sp.Ct.1971), the Court stated, "In *Wambeke v. Hopkin*, 372 P.2d 470, 475 (Wyo.Sp.Ct. 1962) we ... declined to decide whether a tenancy by the entirety can exist in personal property in Wyoming." *Id.* at 385. Despite this disclaimer it would appear that the Wyoming Supreme Court did in fact decide in *Wambeke v. Hopkin* that a tenancy by the entirety could exist in personal property, albeit not in all personal property. Support for this conclusion comes from Justice Parker's concurrence in *Rupe v. First National Bank,* above at 386, wherein he stated, "In *Wambeke v. Hopkin* ... we recognized tenancy by the entireties as to personal property and set out the minimum requirements therefor."

*Id.* at 1252 (emphasis in original)

Further support for the proposition that Wyoming recognizes tenancy by the entirety in personal property is contained in § 34–1–140, W.S.1977, which provides:

---

Any words in a conveyance which operate to designate a conveyance are called "words of purchase." RESTATEMENT (First) of PROPERTY § 312, *Introductory Note* (1940).

A joint tenancy or a tenancy by the entirety as to any interest in real or *personal* property may be established by the owner thereof, by designating the instrument of conveyance or transfer, the names of such joint tenants or tenants by the entirety, including his own, without the necessity of any transfer of conveyance to or through a third person.

(Emphasis added)

Although Section 34-1-140 does not expressly *create* a tenancy by the entirety in personal property,[6] by providing that such an estate may be created in real *or* personal property between spouses without the necessity of a strawman, it implicitly recognizes the existence of such an estate.

Tenancy by the entirety in personal property is not, therefore, a creature of Wyoming statutory law. Rather, this concurrent estate exists at common law as interpreted by the Wyoming courts. The cases which have considered tenancy by the entirety in Wyoming shall be briefly examined.

In *Wambeke v. Hopkin*, 372 P.2d 470 (Wyo.1962), the Wyoming Supreme Court set forth the following two alternative *minimum* requirements for the creation of a tenancy by the entirety in personal property in Wyoming:

1. Each of the four unities of interest, time, title, and possession must be present, with the added unity of person for a tenancy by the entirety; or

2. In the absence of one or more of the first four unities, it must be evident from the language of instrument itself that the parties thereto intended to create a right of survivorship.

*Id.* at 476.

In *Wambeke*, the personal property at issue was a promissory note payable to "Leo N. Hopkin and Eileen Hopkin." The Hopkins were husband and wife at the time the note was executed, although the parties were not so designated on the note. When Mr. Hopkin died, his widow claimed ownership of the promissory note by reason of survivorship in an estate by the entirety. The claim was disputed by Mr. Hopkin's three adult children from a former marriage. The court held that a tenancy by the entirety was not created in a promissory note for three reasons: First, because "nothing appear[ed] in the instrument involved to evidence an intention to create a right of survivorship."; Second, because the court found that because either of the obligees in a promissory note could collect and dissipate all or any part of the debt, the unity of interest was absent; Third, and most fatal in the view of the Wyoming Supreme Court, was the fact that the promissory note is "a chose in action and not property capable of being possessed." Therefore, "there is with respect to it an absence of unity of possession, and a common law joint tenancy or tenancy by the entirety fails." *Id.*

In *Fehling v. Cantonwine, supra*, the court considered the issue of whether a promissory note payable to "Frank Fehling and Winniebelle Fehling," was held as tenants by the entirety. The *Fehling* court generally followed the test applied by the Wyoming Supreme Court in *Wambeke, supra*.[7] The court found that the first re-

---

6. Section 34-1-140 was apparently intended to remedy the situation which existed at common law wherein one spouse could not convey to himself and his spouse to create an estate by the entirety. This disability necessitated a conveyance to a third party "strawman," who would then reconvey the property to the husband and wife jointly. In most states which continue to recognize tenancy by the entirety, statutes similar to § 34-1-140, allow a tenancy by the entirety to be created by a direct conveyance from one spouse to both of them, thereby eliminating the "strawman" transaction. W. Craig, "An Analysis of Estates by the Entirety in Bankruptcy," 48 Am.Bankr.L.J. 255, 257 (1974). *See gen-*erally Annot., "Estates by Entirety in Personal Property," 64 A.L.R.2d 8, § 14 at 41 (1959).

7. In *Fehling*, the court did not rely on that portion of the *Wambeke* decision which held that unity of interest was lacking because any one of conjunctively named payees in a note could receive payment and dissipate the fund. The *Fehling* court noted that under the Wyoming Uniform Commercial Code "an instrument payable to the order of 2 or more persons ... if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by *all* of them." *See* 34-21-316, W.S.1977 (emphasis added).

quirement enunciated in *Wambeke* was not met because a promissory note, being a chose in action, is not capable of possession. Therefore, unity of possession was missing. Moreover, the alternative requirement was not met because nothing appeared on the face of the note which could be construed as a prima facie showing of an intent to create a right of survivorship. The court cited, with approval, Official Comment 1 to § 3–110 of the Uniform Commercial Code, codified at § 34–21–310, W.S.1977, which states that "[n]ormally an instrument payable to 'A and B' is intended to be payable to the two parties as tenants in common, and there is no survivorship in the absence of express language to that effect." Additionally, the *Fehling* court stated, in dicta, that joint tenancies are not favored in the law and will not be implied or presumed.

The Tenth Circuit affirmed the *Fehling* decision, stating,

"[U]nless an instrument states that survivorship shall exist among joint payees there is no survivorship and the interest of each passes, on death, as tenancy in common. No right of survivorship is stated on the notes in issue and, although the payees are husband and wife, this is not indicated on the notes. Since nothing appears in the instruments evidencing, or which could be construed as evidencing, an intention to create a survivorship, we must find that appellant and her husband held the notes as tenants in common."

*Fehling v. Cantonwine*, 522 F.2d 604, 606 (1975).

In the 1979 case of *Choman v. Epperley*, 592 P.2d 714, 717, the Wyoming Supreme Court noted although Wyoming has not, by statute directly reversed the common law presumption favoring joint tenancy or tenancy by the entirety, that the common law presumption has been "modified" by judicial decision to, in effect, accomplish such a reversal. In *Choman*, the issue before the court was whether remaindermen held interests in a promissory note as joint tenants or as tenants in common. In carefully reviewing the applicable Wyoming case law on joint tenancies, including tenancy by the entirety, the court stated, "the joint estate is not favored in this country; the policy of the American law is opposed to the creation of a joint tenancy with the entire property going to the survivor, at least unless the parties clearly demonstrate that that is the intent." *Id.* at 719. *Quoting* 20 Am. Jur.2d *Cotenancy and Joint Tenancy* § 11, at 102 (1965).

Upon consideration of the foregoing cases, the court concludes that, under Wyoming law, a tenancy by the entirety may exist in personal property within the framework of the *Wambeke* requirements. Tenancy by the entirety once presumed at common law, are now disfavored in Wyoming. *See* 4A R. Powell & P. Rohan, *The Law of Real Property* ¶ 602, at 600–02 (1982). The existence of a tenancy by the entirety will not be presumed by this court in the absence of an express intent to create a right of survivorship. *See Fehling v. Cantonwine, supra,* 379 F.Supp. at 1252, *aff'd.* 522 F.2d at 606; *Choman v. Epperley, supra,* 592 P.2d at 718; *Rupe v. First National Bank at Douglas, supra,* 485 P.2d at 386 (Parker, J. concurring) (importance of intention of parties in creation of tenancy by the entirety). *See also, Hartt v. Brimmer*, 287 P.2d 638, 643 (Wyo. 1955) (emphasizing importance of express intention in creation of a joint tenancy in contents of a safe deposit box).

Applying these principles to the debtor's claim of exemptions in the present case, this court finds and concludes as follows:

### (1) *Contracts for Deed*

The debtor claims as exempt payments due under contracts for deed from the sale of 12 units of the Kelly Condominiums in Jackson, Wyoming. The contracts for deed list as sellers, "Donald R. Anselmi and Dora G. Anselmi, husband and wife, and Arthur W. Hazen, Jr. and Mary P. Hazen, husband and wife." The right to receive payments under a contract for deed is personal property and a chose in action. *In re Freeborn*, 94 Wash.2d 336, 617 P.2d 424,

(1980); 63A Am.Jur.2d *Property* § 26, at 257 (1984). *See* R. Brown, *The Law of Personal Property* (3rd ed. W. Raushenbush ed. 1975).

■ Where the personal property is a chose in action, unity of possession is lacking, which eliminates the possibility of an estate by the entirety under the first test set forth in *Wambeke, supra. See Fehling v. Cantonwine, supra,* at 1253.[8]

■ Thus, the first alternative set forth in *Wambeke* is not met in the case of the contracts for deed because the unity of possession is missing. Turning to the second alternative, we see that the contracts for deed refer to each of the married couples, namely, Mr. and Mrs. Anselmi and Mr. and Mrs. Hazen, as "husband and wife." *See* Creditors' Exhibit "I". In both *Wambeke* and *Hopkin,* even though the joint owners were married, the promissory notes in question did not expressly designate them as "husband and wife." In *Wambeke,* the Wyoming Supreme Court stated "we need not decide and we will not decide whether such a designation could be considered sufficient, in the absence of one or more of the essential unities, to raise a presumption that the right of survivorship was intended." 372 P.2d at 476. Similarly, both the district court and the Tenth Circuit in their *Fehling* opinions inferred that designating the payees as "husband and wife" could be construed as evidencing an intention to create a survivorship. 379 F.Supp. at 1252; 522 F.2d at 606. Although a contract for deed is personal property, this court recognizes that is a frequently used method for selling real estate. As noted above, it is commonly understood among those familiar with real estate transactions in Wyoming that, when a married couple are jointly named in an instrument of conveyance, followed by the express designation, "husband and wife," a tenancy by the entirety will be created. In view of this common understanding, and the close nexus between the contract for deed and the underlying duty of the vendor to convey the property, this court finds, in the present case, that the designation "husband and wife" evidences that the parties intended to create a right of survivorship in the contract for deed. This is apparently the rule in other jurisdictions which recognize estates by the entirety in personal property. *See Annot:* "Estates by Entirety in Personal Property," 64 A.L.R.2d 8, § 15 at 43 ("If payees or mortgagees are designated in the instrument as husband and wife, the fact gives added support to the entirety ownership construction").[9]

Having found that, in this case, the designation of the Anselmis on the face of the instrument as "husband and wife" is evidence of their intention to create a right of survivorship, this court concludes that the debtor and his wife hold their interest in

---

**8.** In the present case, where the right to payment under the contracts for deed is vested in four named persons, it might be argued that the unity of interest is also lacking. *c.f. Cantonwine v. Fehling,* 582 P.2d 592, 599 (Wyo.1978) (discussing ability of conjunctively named payees to discharge parties to the instrument).

**9.** Cases from other jurisdictions construing tenancy by the entirety in personal property are generally of limited value as authority for Wyoming entirety law because such construction is based heavily on policy considerations and common law presumptions which vary considerably from jurisdiction to jurisdiction. *See generally* S. Block, *supra,* at 240–243; R. Townsend, "Creation of Joint Rights Between Husband and Wife in Personal Property, II," 52 Mich.L.Rev. 957 (1954). Wyoming appears to be unique in distinguishing between the existence of an estate by the entirety in choses in action and tangible personal property. *Compare Wambeke v. Hopkin, supra, with Annot:* "Estate by the Entirety in Personal Property" 64 A.L.R.2d 8, § 2 at 13; 41 Am.Jur.2d *Husband and Wife* § 66, at 68–69 (1968) (estate by the entirety may exist in choses in action owned by husband and wife). For another example of the manner in which Wyoming law regarding entirety property is unique, *compare Rupe v. First National Bank at Douglas,* 485 P.2d 384 (Wyo.1971) (use of phrase "and/or" in title to vehicle does not render vehicle property held as tenants by the entirety) *with In re Garretson,* 6 B.R. 127 (Bkrtcy.E.D.Tenn.1980) (use of phrase "or" in certificates of deposit does not negate presumption of estate by entirety under Tennessee law).

the contracts for deed as tenants by the entirety.[10]

■ Since the debtor holds his interest in the contracts for deed as a tenant by the entirety, which under Wyoming law is "exempt from process" within the meaning of 11 U.S.C. § 522(b)(2)(B), the exemption is properly claimed and shall be allowed.

### (2) Shares of Stock

The debtor claims, as tenant by the entirety, an interest in 46,000 shares of stock of The Outlaw Inn, Inc., a Wyoming corporation. Title to the shares of stock is vested in "Donald R. and Dora G. Anselmi."

■ The Wyoming Uniform Commercial Code appears to recognize tenancy by the entirety as a form of ownership of shares of stock. *See* § 34–21–847(h)(iv), W.S.1977, 1984 Cum.Supp. However, the Wyoming Uniform Commercial Code does not specify either the requirements for creating a tenancy by the entirety in stock, nor the attributes of such ownership. The existence and attributes of a tenancy by the entirety in shares of stock is to be determined by reference to state property law. *Idaho Bank and Trust Co.,* 582 P.2d 215 (Idaho 1978); 11 Fletcher, CYCLOPEDIA OF CORPORATIONS §§ 5101, 5102, 1984 Cum.Supp. at 19; *c.f. Lewis v. United States,* 485 F.2d 606, 607, 202 Ct.Cl. 829 (Ct.Cl.1973); *Leone v. Putnam,* 466 F.2d 512 (5th Cir.1972). In the present case, Wyoming, the place where the stock was issued and held, is also the domicile of the issuer, and, therefore, Wyoming law is clearly "the applicable law" within the meaning of § 522(b)(2)(B). *See generally National Crude, Inc. v. Ruhl,* 600 P.2d 716 (Wyo.1979), *and* § 1–19–101 to 1–19–108, W.S.1977; § 34–21–856, W.S.1977, 1984 Cum.Supp.

■ Generally, shares of stock in corporations are classified as choses in action. 11 Fletcher, CYCLOPEDIA OF CORPORATIONS § 5098, at 76 (1971 Rev. ed.);

R. Brown, *The Law of Personal Property, supra,* § 1.7 at 11; 63A Am.Jur.2d *Property* § 26, at 258 (1984); 18 Am.Jur.2d *Corporations* § 209 at 738 (1965). Therefore, share of stock, like the promissory note in *Wambeke,* and the contracts for deed described above, cannot be held in a tenancy by the entirety under the first prong of the *Wambeke* test for lack of unity of possession. The court must next consider whether the stock certificates disclose an intention to create a right of survivorship. The certificates of stock in question merely state "Don and Dora Anselmi." The parties are not designated as husband and wife and the category of co-ownership, whether as tenants in common, joint tenants, or tenants by the entirety is not specified. From these words alone, the court cannot find an intention to create a right of survivorship. *Wambeke v. Hopkin, supra,* 372 P.2d at 476; *Cantonwine v. Fehling, supra,* at 1253. Absent such a right of survivorship, the debtor and his wife hold the stock certificate as tenants in common and the debtor's one-half interest in said certificates is subject to the claims of his creditors. Therefore, the court finds that there is no tenancy by the entirety in the shares of stock in The Outlaw Inn, Inc., and the claimed exemption shall be disallowed.

### (3) Mexico Trust

The debtor and his wife are beneficiaries of a Mexican Trust under which they are apparently entitled to the use of a condominium in Guaymas, Sonora, Mexico, for 30 years. The debtor claims that he holds the interest in the trust as a tenant by the entirety and, therefore, the interest is exempt. Resolution of this issue turns on the question of what is the proper "applicable nonbankruptcy law" under which a determination of exemption should be made under Section 522(b)(2)(B). The debtor's position is that Wyoming law is the "applicable nonbankruptcy law" to be consulted to de-

---

**10.** Because it is not necessary to the disposition of this case, the court makes no finding regarding the status of the one-half interest which the debtor and his spouse hold as tenants by the entirety *vis a vis* the one-half interest held by "Arthur W. Hazen, Jr. and Mary P. Hazen, husband and wife."

termine whether the trust interest is exempt. The debtor's argument is based on the following propositions: (1) Mexico has no public policy which would be furthered by application of its marital property laws, and (2) Chapter 7 bankruptcy is a uniquely American concept unknown to Mexican law. *See* Debtor's Memorandum Brief in Support of Claimed Exemptions, at 9–10. The creditors, on the other hand, argue that Wyoming entirety law is not applicable to property located outside of the State of Wyoming. *See* Creditors' Objection to Claimed Exemptions, at 1.

■ Where the subject property is a beneficial interest in a trust, the applicable law for determining exemption from process is the situs of the administration of the trust. *Spindle v. Shreve*, 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512 (1884). Where the *res* of the trust is real property, the law applied in determining whether the beneficial interest of a beneficiary is exempt from process is the law of the situs of the land. *Spindle v. Shreve, supra;* Restatement (second) of Conflict of Laws § 280, at 226 (1971); 5 A. Scott, SCOTT ON TRUSTS §§ 660, 626(c) (3rd ed. 1967); 76 Am.Jur.2d *Trusts* § 29, at 276 (1975) ("The validity and effect of a trust of an interest in realty are held to be governed by the law of the situs of the property").

■ The *res* of the trust in question in this case is in Mexico. Accordingly, this court concludes that the law of Mexico is controlling in determining whether the debtor's interest in a trust, the *res* of which consists of real property located in Mexico, is "exempt from process" as entirety property.[11]

The question arises, then, whether the interest is exempt under the "applicable nonbankruptcy law," namely Mexico. The debtor has pointed out, correctly, that the

objecting party has the burden of proving that the exemptions are not properly claimed. Bankruptcy Rule 4003(c); *In re Tardiff*, 38 B.R. 974 (Bkrtcy.D.Me.1984). Notwithstanding the objecting creditors' burden of proof under Bankruptcy Rule 4003(c), the debtor must initially make a prima facie showing of entitlement to the claimed exemption. *In re Bennett*, 36 B.R. 893 (Bkrtcy.W.D.Ky.1984) *c.f. In re Boyd*, 11 B.R. 690, 692 (Bkrtcy.W.D.Va.1981) (a bare claim of exemption insufficient if unfounded in law).

■ In this case the debtor has not claimed that the property is exempt under the laws of Mexico, but has instead relied on the legal argument that the exemption laws of Wyoming should be applied. Neither of the parties introduced competent evidence regarding the marital property's immunity, if any, from process under Mexican law.[12] Mexican law is not a subject of which this court will take judicial notice. *c.f. In re Estate and Guardianship of Sowerwine*, 413 P.2d 48, 51 (Wyo.1966). For the debtor to claim an exemption based on a property's purported immunity from process under foreign law, he must plead and prove that foreign law. Rule 44.1, Fed.R.Civ.P., as made applicable to this contested matter by Bankruptcy Rule 9017. *Tidewater Oil Co. v. Waller*, 302 F.2d 638 (10th Cir.1962). *c.f. Matter of Estate of Allen*, 239 N.W.2d 163, 168 (Iowa 1976). This the debtor has failed to do. Thus, any claimed exemption based on Mexican law must fail.

■ In the absence of proof of the applicable foreign law, Wyoming courts would apply their own law. *Id.* 302 F.2d 638 at 641. Analyzing the question under Wyoming law, it appears that a beneficial interest in a trust is a chose in action. 76 Am.Jur.2d TRUSTS § 104 at 349. There-

---

11. Furthermore, it appears that the debtor intended that Mexico would apply its laws to matters involving the trust. *See* Creditors' Exhibit "A" at 8–9.

12. Section 522(b)(2)(B) states that the exemption law applies to property in which the debtor has an interest as a "joint tenant or tenant by

the entirety." If these forms of property do not exist in Mexico, then it seems doubtful that an analogous form of marital property would be exempt under Section 522(b)(2)(B) because the statute very clearly names only the two specific forms of co-ownership to be exempted.

fore, the unity of possession being absent, a tenancy by the entirety does not exist under the first alternative of *Wambeke*. There is nothing on the face of the instrument to indicate that the parties intended to create a right of survivorship.[13] Although the Anselmis are husband and wife, they are apparently not so designated on the trust instruments received in evidence at the hearing. In fact, the document of transfer refers several times to Mr. Don Anselmi individually. Thus a tenancy by the entirety in the trust would also fail under the second *Wambeke* alternative.

The debtor having failed to plead or prove the controlling Mexican law and the court having found that the debtor does not hold his interest in the trust as a tenant by the entirety under Wyoming law, the claimed exemption in the Mexican trust must be disallowed.

### (4) *Household Goods and Artwork*

The debtor claims as exempt, as entirety property, the household goods and furnishings located in residences located in Jackson, Wyoming, Rock Springs, Wyoming, and in the condominium in Mexico. The debtor also claims as exempt, as entirety property, a collection of artwork, mainly painting and sculpture. For the purposes of this decision, the household goods and artwork will be considered together because they are essentially the same type of property, namely, personalty without instruments of title.

Where the subject property is located in the debtor's domicile, the "applicable nonbankruptcy law" for determining whether the debtor has an interest in the property as a tenant by the entirety is the law of that state. RESTATEMENT (second) of CONFLICTS OF LAW § 132 at 364.

Again, reference to the first of the *Wambeke* requirements discloses that one of the five unities is missing. Where the right to the chattel is not embodied in a document, either spouse is capable of voluntarily alienating the property without a signature or other such similar manifestation of consent by the other spouse. Thus, the unity of interest is missing. This ability of either spouse without reference to the other, to alienate the subject property, is inconsistent with the unity of interest and a tenancy by the entirety will fail. *Rupe v. First National Bank at Douglas, supra,* at 385–6; *Wambeke, supra,* at 476 (suggesting that an estate by the entirety in personalty must be indissoluble except by the consent of both spouses).

*In Ward Terry and Company v. Hensen, supra,* the Wyoming Supreme Court emphasized the importance of the unity of interest in a case involving the question of whether the rents and profits from real property held by the entirety could be subjected to the indebtedness of the husband alone. Justice Blume stated,

> Entirety in this connection means indivisibility. The estate is owned not by one but by both as an indivisible entity and has the characteristics of a joint tenancy by reason of the fact that the survivor takes all. But the estates differ in the fact that joint tenants may divide the estate, but tenants by the entirety cannot do so except by the *joint* act of husband and wife.

*Id.* 297 P.2d at 215 (emphasis added)

> The estate itself, title and fee thereof, is indivisible between husband and wife and cannot be alienated or in any way disposed of unless they agree to the contrary. That indivisibility must logically extend to every part of the estate including the rents, income and profits thereof and hence neither spouse would alone be able to divest the other thereof *voluntarily* or involuntarily against the wishes of the other during the life of both.

*Id.* at 220 (emphasis added)

The second alternative minimum requirement set forth in *Wambeke* for es-

---

**13.** At the hearing, the only document received into evidence regarding the debtor's interest in the Mexican trust was an English translation of a document purporting to transfer the interest in the trust to the Anselmis. *See* Creditor's Exhibit "1".

tablishing tenancy by the entirety in personalty in Wyoming is not available in the case of household goods of like instruments because by the nature of the property there is no "instrument" of title upon which an intent to create a right of survivorship may be shown. The debtor argues that the various documents evidencing the purchase of the household goods or artwork, namely, checks and invoices, are "instruments" within the meaning of the *Wambeke* decision. Further, the debtor argues that because these documents name both the debtor and his wife, the intent to create a right of survivorship is evidence by the "instrument itself" within the meaning of *Wambeke*.[14] This court cannot agree. To interpret *Wambeke* as the debtor asks would be to go beyond the language or logic of the decision.

Although a check may be an "instrument" within the meaning of the Wyoming Uniform Commercial Code, (*see* § 34–21–302(a)(v), W.S.1977) a careful reading of *Wambeke* indicates that, in this context, the word refers to those writings which give formal expression to a legal act or agreement for the purpose of creating, securing, modifying, or terminating a right.[15] As used by the *Wambeke* court, "instrument" might include bills, bonds, conveyance, leases, mortgages, contract, promissory notes, deeds, and other similar writing whereby "chattel is embodied in a document." *See* RESTATEMENT (second) of LAW OF CONFLICTS § 248, and § 249, Comment (h). A check might be an instrument within the meaning of *Wambeke* if the question before the court was whether the check itself was held by the entirety.

The fact that the property was paid for by checks drawn on accounts held in both names, or that the invoices were made out to both parties, is an evidentiary factor which courts will consider, but by itself such evidence is not sufficient to establish a tenancy by the entirety unless the jurisdiction has a strong presumption to the contrary. *Doing v. Riley*, 176 F.2d 449 (5th Cir.1949) (applying Florida law).

■ In this court's opinion, the documents by which the debtor attempts to prove entirety ownership, *i.e.* checks, invoices, and credit card bills, are not "instruments" within the meaning of that term as used by the *Wambeke* court. Thus, there is, with regard to such property, no "instrument" upon which an intent to create a right of survivorship can be noted.

In jurisdictions where tenancy by the entirety may be created in household goods or like property, the issue is usually decided by initial presumption. *See Annot:* "Estates by Entirety in Personal Property," 64 A.L.R.2d 8, § 28 at 74. As discussed above, a tenancy by the entirety will not be presumed under Wyoming law. It is this court's view, after careful consideration of entirety property under Wyoming law, if the personal property in question is not of the kind or nature for which the property right is in some manner embodied in a document, such property is not usually capable to being held by the entirety. Therefore, as neither of the alternative requirements of *Wambeke* are met, the claimed exemption of the household goods and artwork must be disallowed.

---

14. The debtor contends that he and his wife have an understanding between themselves that the other will be entitled to the household goods and artwork if the one dies. But, such an informal understanding is insufficient under Wyoming law to create a right to survivorship within the minimum requirement under *Wambeke* that the right to survivorship appears from the language of the instrument itself.

15. In *Wambeke,* immediately preceding the enunciation of the minimum requirement for a tenancy by the entirety in personal property, Justice McIntyre quotes, with approval, the language of an annotation which uses the term

"instrument" several times. This quotation is apparently the source of the second minimum alternative requirement adopted by the court. The annotation refers to instruments only in the sense of instruments of title, conveyance or other legal document, in which the joint property interest is embodied. It includes deeds, agreement to rent a safety deposit box, certificates of stock, or a contract such as a pre-nuptial agreement. *See Annot:* "Creation of Right of Survivorship by Instrument Ineffective to Create Estate by Entireties or Joint Tenancy," 1 A.L.R.2d 247, § 2 at 249 (1948).

Having determined that the household goods and artwork located in Wyoming are not "exempt from process" as entirety property under Wyoming law, the court must consider the status of the household goods located in Mexico. Ordinarily, laws exempting certain property from process are regarded as pertaining to a creditors remedy only, and, having no extraterritorial effect, will not be enforced by the courts of another state. *See Chicago R.I. P.R. Co. v. Sturm*, 174 U.S. 710, 19 S.Ct. 797, 43 L.Ed. 1144 (1899). Therefore, as a general rule,[16] all questions of exemptions are to be determined by the laws of the forum. Restatement (second) CONFLICTS OF LAW § 132, at 364 (1971) (law of the forum determines what property of a debtor within the state is exempt from execution); *Garrett v. Garrett*, 490 P.2d 313, 315 (Colo.App.1971); *Annot:* "Choice of Law as to Exemption of Property from Execution," 100 A.L.R.2d 1335, § 2, at 1238-9. Thus, the "applicable nonbankruptcy law" to be applied to the debtor's claim of exemption of the household goods located in Mexico, as entirety property, is the law of Wyoming. For the reasons stated above, the court concludes that said household goods are not "exempt from process" as entirety property under Wyoming law. Accordingly, the claimed exemption must be disallowed.

### CONCLUSION

Under Section 522(b)(2)(B), the debtor's exemption rights in entirety property are generally governed by state law. Wyoming law establishes minimum requirements for the creation of tenancies by the entirety in personal property. Under this law, the debtor holds his interest in the contracts for deed as a tenant by the entirety which is exempt from process under Wyoming law. Thus, this court concludes that the debtor's interest in contracts for deed are properly claimed as exempt. The creditors have carried their burden of prov-

ing that the other property claimed as exempt, namely, the household goods and artwork, the beneficial interest in a Mexican trust, and the shares of stock are not "exempt from process" as property by the entirety under Wyoming law. Regarding the property located in Mexico, the debtor chose not to plead or prove Mexican law. Without that information, the court shall not consider whether the debtor's claim of exemptions would be valid thereunder.

The foregoing shall constitute this court's findings of fact and conclusions of law as required by Bankruptcy Rule 7052, as made applicable to this contested matter by Bankruptcy Rule 9014. The court will enter an appropriate order.

---

16. An example of an exception to this general rule is the situation discussed above, where the property in question is a beneficial interest in a trust the *res* of which is real property. *See also*

*Annot:* "Choice of Law as to Exemption of Property from Execution," 100 A.L.R.2d 1335, §§ 4, 5, at 1254-61.