**In re Robert Joseph WENANDE and Jean Marie Wenande, d/b/a Tabor Lake Inn, Debtors.**

**No. 86–00845–BA.**

United States Bankruptcy Court, D. Wyoming.

Oct. 20, 1989.

Randy L. Royal, Greybull, Wyo., for movant.

Dan Gibbs of Ken McCartney, P.C., Cheyenne, Wyo., for respondent.

## DECISION DENYING CLAIM OF EXEMPTIONS

HAROLD L. MAI, Bankruptcy Judge.

THIS MATTER came before the court on June 21, 1989, for hearing on the trustee's Objection to Claim of Exemptions.

The court having considered the Objection, the claim of exemptions, and the amended claim, all papers and pleadings filed herein, having heard argument of counsel, and upon its own review of the applicable statutes and authorities, does hereby render its Decision as follows:

On their Amended Schedule B–4, the debtors claimed the following property as exempt under applicable Wyoming Law as "entireties property":

> All of the debtor's property that qualifies all, including but not limited to: Stock, mineral interests, real estate, accounts, intangibles and personal property, which includes, but would not necessarily be limited to the following: 1) all of the debtor's shares in the Wenande Land & Livestock Co. Inc., 2) all of the debtor's shares in the Trail Creek Grazing Assoc. (sic)

This cryptic description of the property claimed as exempt points out a serious and reoccurring problem with claims of exemptions commonly filed in this District—it is impossible to clearly ascertain exactly what property is claimed as exempt.

The debtors' Amended Schedule B–4 was filed in response to this court's January 6, 1987 Order for More Specific Listing of Property for Which an Exemption is Claimed. The January 6, 1987 Order, directed the debtors to "specifically list" the entireties property in which they claim exemptions.

■ To serve the purpose of a claim of exemption, property must be separately listed on the debtors' Schedule B–4 with "sufficient detail to put the trustee on notice of questionable assertions." *Payne v. Wood*, 775 F.2d 202, 206 (7th Cir.1985) ("property passes to the estate automatically, and it is the debtor's burden to make out the claim of exemption with adequate specificity"). See 11 U.S.C. § 522(*l*).

As the Seventh Circuit has noted,

> * * * The requirement that the debtor list the property serves at least two functions. One is to settle claims of title, so

that on the day of discharge everyone knows who owns what. The other is to allow the trustee to decide which claims to challenge. Debtors are not perfectly trustworthy, and unless the claim of exemption contains sufficient detail to put the trustee on notice of questionable assertions, it will not be possible to administer the statutory scheme.

*Id.*

Closer adherence to Schedule B-4 as set forth in Official Form 6 will benefit all parties. On Official Form 6, the Schedule B-4 lists headings for "type of Property," "location, description, and, so far as relevant to the claim of exemption, present use of property," "specify statute creating the exemption" and "value claimed as exempt."

In this District a regrettable practice of using a pre-printed "checklist" of exemptions has developed. The Schedule B-4 and the Amended Schedule B-4 filed in this case, attached hereto as Exhibits A and B, are examples of the checklist which has become widely used in this District.

This checklist substitutes a generic statement of a category of property for the "description, ... present use of property" information required. It also substitutes a preselected dollar amount, or a preselected percentage for the required information on "value claimed."

For example, in the present case the Amended Schedule B-4 has a check mark for "Tools of the Trade" and a preprinted value shown as "$2,000." Exactly what property these debtors consider to be "tools of the trade," where the property is now located, and its present use, are unknown.

■ The debtors' cryptic reference to "personal property, which includes, but would not necessarily be limited to" certain specified shares of stock is another example. It is inconceivable that the debtors, or their counsel, believed this to be adequate notice to the trustee and creditors of a claim of exemption in personal property other than the specifically listed shares of stock. Similarly, such a reference does not serve the purpose of establishing "who owns what" on the date of discharge. *Payne v. Wood,* 775 F.2d at 206.

■ In view of its January 6, 1987 Order, the court must hold that the debtors' designations of property by only categories such as "stocks," "mineral interests," "accounts," "intangibles," and "personal property" are insufficient to constitute a listing of a claim of exemption within the meaning of Bankruptcy Rule 4003. Such a generic description simply does not provide the trustee with adequate notice of the property claimed.

If there are accounts claimed, at minimum they should be listed by institution on the B-4 Schedule. The official form requires that the value of the account also be set forth. Similarly, the "mineral interests" must be more specifically described in order to provide the trustee or creditors with inquiry notice of questionable assertions.[1] "Stocks" should be listed by setting forth the name of the company and the approximate number of shares claimed as exempt.

This court's position is that "value," as set forth on the official form, generally means an approximate dollar amount and not a percentage. Naturally, value is the type of information that is not always available on the date a petition is filed. Where it is not, an estimation, so designated, may serve the purpose of the B-4 Schedule, e.g., "approximately $1,500." If the value is unknown, a simple statement to that effect serves the purpose of the B-4 Schedule.

"Location" of the claimed property is a required item on the B-4 Schedule in Official Form 6, that is often simply omitted.

The better practice is to avoid a reference to another of the debtor's B Schedules

---

**1.** On their Schedule B-3(b), the debtors do more specifically describe certain mineral interests under the heading "property not otherwise scheduled." However, all of those mineral interests are described as "[a]ll titled in Mrs. We-nande's name." Presumably, if those interests are titled in the name of only one of the two debtor spouses, they are not the same "mineral interests" claimed as exempt as property held by tenants by the entireties.

as a substitute for the listing required on the Schedule B–4. This practice of referring to the debtor's other B Schedules no doubt arises in a commendable attempt to eliminate duplicative lists. However, a problem arises because debtors usually list on their other B Schedules a mix of exempt and nonexempt property.

For example, debtors must list on their Schedule B–2(c) under "[h]ousehold goods, supplies and furnishings," items such as VCR's, power tools, and expensive art work that are not generally exempt under the Wyoming Statutes. Similarly, they must list many nonexempt and exempt items together under Schedule B–2(e), "[w]earing apparel, jewelry, firearms, sports equipment, and other personal possessions." When reference is later made to "see exhibit X" it often refers to the property already listed under B–2(c) or (d), some of which is not exempt, and which the debtors did not intend to claim as exempt.

As a result, the trustees have often been forced to file objections to claimed exemptions in certain property, described by reference to another schedule, when neither debtors nor their counsel intended that it all be claimed as exempt. Because of the confusion resulting from this practice, trustees, debtors and debtors' counsel have had to attend unnecessary hearings on objections to exemptions. Such attendance can be very burdensome in a large Federal Judicial District such as the District of Wyoming.[2]

In the present case, the only property which is described with sufficient clarity to constitute "listing" the property claimed as exempt as entireties property within the meaning of Bankruptcy Rule 4003, are the shares in Wenande Land and Livestock and in the Trail Creek Grazing Association. Once such property is properly listed as claimed, the burden shifts to the trustee to prove the property is not properly claimed as exempt. Bankruptcy Rule 4003(c). The trustee did not meet his burden of showing said stock is not properly claimed as exempt.[3]

There is nothing in the record to establish that the remaining property, vaguely alluded to in debtors' Amended Schedule B–4, is, in fact, entireties property. For example, from the generic listing of "real estate" it is not possible to ascertain to what property the debtors are referring. The debtors' Schedule B–1 ("Real Property") does list two (2) items. One (1) of these, a house trailer, appears to be personal property.[4] The other item appears to be real property located in another state. That other state does not provide for the creation of a tenancy by the entireties in real property. See 7 COLLIER ON BANKRUPTCY at 31 through 42.4 (15th ed.1989).

Having determined that the Wenande Land and Livestock stock and the Trail Creek stock are adequately claimed as exempt as entireties property, and that the trustee did not meet his burden of establishing that the property is not properly claimed as exempt, the court turns to the disposition of entireties property in a joint bankruptcy case of both spouses.

The present case was commenced by a joint voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 10, 1986. See 11 U.S.C. § 302. It was later converted to a case under Chapter 7. The status of entireties property in a bankruptcy case filed by only one of the spouses has been the subject of many recent cases. See, e.g., Matter of Geoghegan, 101 B.R. 329, 331 (Bkrtcy.M.D.Fla. 1989). However, there is very little case law on the status of entireties property in a bankruptcy case filed by both spouses. See, e.g., Ragsdale v. Genesco, Inc., 674

---

2. The District of Wyoming covers approximately 98,053 square miles.

3. The creation of a tenancy by the entirety in shares of stock is examined in *In re Anselmi*, 52 B.R. 479, 489 (Bkrtcy.D.Wyo.1985).

4. Elsewhere on their B–4 Schedule the debtors listed a "homestead" exemption described only as "[A]s shown P. 16." Page 16 of their schedules is their Schedule B–2 "real property." Presumably, the debtors intended to claim their homestead exemption in their house trailer under §§ 1–20–101 through 104, W.S. 1977 (June 1988 replacement) and Wyo.Const., art. 19, § 9.

**774**

F.2d 277 (4th Cir.1982) (debtors may not avoid lien on entireties property where lien creditor holds prebankruptcy judgment against both spouses).

The issue in this case is whether property held by the debtors as tenants by the entireties may be used to satisfy individual claims against either debtor or must, instead, be used solely to satisfy joint claims against both debtors.

■ A debtor's interest in property as tenants by the entireties is property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). A debtor in Wyoming may then exempt, or take back from the estate, certain property, including property held as tenants by the entireties. 11 U.S.C. § 522(b); *In re Amselmi*, 52 B.R. 479, 483 (Bkrtcy.D.Wyo.1985).

However, tenancy by the entireties property may only be exempted, or taken back from the estate, to the extent it is "exempt from process" under Wyoming law. Entireties property is not exempt from process under Wyoming law from claims against both spouses. *Peters v. Dona,* 49 Wyo. 306, 54 P.2d 817 (1936).

Thus, once the entireties property is in the estate, the extent to which it may be exempted pursuant to 11 U.S.C. § 522(b)(2)(B) depends on the presence or absence of joint creditors.

* * * Since entireties are exempt under state law not in dollars but from a specific class of claimants, section 522(b)(2)(B) merely means to provide debtor(s) exemption of any equity remaining after the sum of the joint creditor claims. A complete denial of any exemption where the joint claims do not exceed the debtor's equity spoils the Code language. * * *

Kalevitch, "Some Thoughts on Entireties in Bankruptcy," 60 Am.Bankr.L.J. 141, 147 (Spring, 1986).

Therefore, to "the extent that joint creditors existed at the filing of the bankruptcy petition, the entireties share is not exempt." *Id.* at 150.

■ The amount of entireties property that these joint debtors may exempt out of their estate under § 522(b)(2)(B) is their equity in the entireties property, less the total sum of all joint claims against both debtors. If the sum of the total claims held by creditors with claims against both debtors exceeds the debtors' equity in their entireties property, then none of their entireties property may be exempted from the estate. If there were not a single creditor with a claim against both of the debtors, their entireties property would be totally exempt.

Once the entireties property is included in the estate of joint debtors, distribution of the proceeds must be made in accordance with 11 U.S.C. § 726. As one noted commentator has stated:

But the Code section granting the exemption says nothing about the proceeds distribution where the exemption is properly denied. What section 522(b)(2)(B) establishes is just what amount of the entireties property is exempt. The rest of the property is not exempt. The joint creditors may have produced the non-exemption in the sense that the interplay of federal and state law uses the presence or absence of such creditors to determine the exemptibility. But are such creditors thereby entitled to greater proceeds of the bankruptcy estate than other unsecured creditors?

If the non-exempt entireties property goes to the joint creditors, one may ask why one should not expect something in the Code to so indicate. But, the Code explicitly passes non-exempt property into the estate and explicitly lays forth distribution rules nowhere specially providing for the joint creditor. That is quite consistent with 522(b)(2)(B)'s clear statement that one looks to state law to determine the extent of the *debtor's* exemption—no special favor to whomever or whatever led to the exemption or lack of exemption.

*Id.* at 148 (citations omitted).

■ The entireties property which is not exempt is property of the estate. Therefore, it may be used to satisfy all creditor's

claims, including claims against only one (1) of these two (2) joint debtors.

The court will enter an appropriate order.

## ORDER SUSTAINING OBJECTION TO CLAIM OF EXEMPTIONS

### Oct. 19, 1989

Now, the court having considered the Objection, having heard argument of counsel, neither party having filed a memorandum of law within the time set by the court pursuant to its September 13, 1989 Order, and for the reasons set forth in its simultaneous Decision Denying Claim of Exemptions, and it appearing that the following property

Stock, mineral interests, real estate, accounts, intangibles and personal property

is property of the estate, which the debtors may not exempt, and good cause appearing therefore, it is

ORDERED, ADJUDGED, AND DE-CREED that the above-described property be, and the same hereby is, property of the estate herein, and not exempt; and, it is further

ORDERED, ADJUDGED, AND DE-CREED that the debtors' shares of stock in Wenande Land & Livestock Co., Inc., and the debtors' shares in the Trail Creek Grazing Association be, and the same hereby are, exempt only to the extent that the debtors' equity therein exceeds the total amount of all debts owed jointly by debtors Robert Joseph Wenande and Jean Marie Wenande.

## EXHIBIT A
### SCHEDULE B-4—Property Claimed as Exempt

Debtor selects the following property as exempt pursuant to 11 U.S.C. § 522(d) or the laws of the State of Wyoming.

| PROPERTY | LOCATION, DESCRIPTION AND USE OF PROPERTY | STATUTE OF EXEMPTION | VALUE CLAIMED | H | W |
|---|---|---|---|---|---|
| (X) | Wages—Any wages due and owing at the time of filing. | W.S. § 40–14–505 15 USC § 1673 | 75% | (X) | (X) |
| (X) | Homestead As Shown P. 16 | W.S. § 1–20–101 | $10,000.00 | (X) | (X) |
| (X) | Wearing Apparel As Shown P. 17b | W.S. § 1–20–105 | $1,000.00 | (X) | (X) |
| ( ) | Family Bible, pictures and school books | W.S. § 1–20–106(a)(i) | 100% | | |
| ( ) | Burial lot | W.S. § 1–20–106(a)(ii) | 100% | | |
| (X) | Household Goods As Shown P. 17a | W.S. § 1–20–106(a)(iii) 11 USC § 522(f) | $2,000.00 | (X) | (X) |
| ( ) | Motor Vehicle | W.S. § 1–20–106(b) | $2,000.00 | | |
| ( ) | Tools of Trade | W.S. § 1–20–106(b) | $2,000.00 | | |
| ( ) | Implements of Prof. Man | W.S. § 1–20–106(b) | | | |
| ( ) | Personal Service Earnings | W.S. § 1–17–411 | 50% | | |
| ( ) | Life Insurance Benefits | W.S. § 26–15–129 | 100% | | |
| ( ) | Disability Ins. Proceeds | W.S. § 26–15–130 | 100% | | |
| ( ) | Group Life & Disability Proceeds | W.S. § 26–15–131 | 100% | | |
| ( ) | Annuity Proceeds | W.S. § 26–15–132 | | | |
| ( ) | Fraternal Benefit Society Benefits | W.S. § 26–34–118 | 100% | | |
| ( ) | Unemployment Comp. Benefits | W.S. § 27–3–116 | 100% | | |
| ( ) | Worker's Comp. | W.S. § 27–12–708 | 100% | | |
| ( ) | Public Assistance | W.S. § 42–1–114 | 100% | | |
| ( ) | Notary Seal | W.S. § 32–1–106 | 100% | | |
| ( ) | Wyo. Retirement | W.S. § 9–5–226 | 100% | | |
| ( ) | Highway Patrol, Game & Fish Retirement | W.S. § 31–3–120 | 100% | | |
| (X) | Entireties Property | 11 USC 522(b)(2)(B) | 100% | (X) | (X) |

All of the debtor's property that qualifies all, including but not limited to: Stock, mineral interests, real estate, accounts, intangibles and personal property.

EXHIBIT B
AMENDED
SCHEDULE B-4—Property Claimed as Exempt

Debtor selects the following property as exempt pursuant to 11 U.S.C. § 522(d) or the laws of the State of Wyoming.

| PROPERTY | LOCATION, DESCRIPTION AND USE OF PROPERTY | STATUTE OF EXEMPTION | VALUE CLAIMED | H | W |
|---|---|---|---|---|---|
| (X) Wages—Any wages due and owing at the time of filing. | | W.S. § 40–14–505 15 USC § 1673 | 75% | (X) | (X) |
| (X) Homestead As Shown P. 16 | | W.S. § 1–20–101 | $10,000.00 | (X) | (X) |
| (X) Wearing Apparel As Shown P. 17b | | W.S. § 1–20–105 | $1,000.00 | (X) | (X) |
| ( ) Family Bible, pictures and school books | | W.S. § 1–20–106(a)(i) | 100% | | |
| ( ) Burial lot | | W.S. § 1–20–106(a)(ii) | 100% | | |
| (X) Household Goods As Shown P. 17a | | W.S. § 1–20–106(a)(iii) 11 USC § 522(f) | $2,000.00 | (X) | (X) |
| ( ) Motor Vehicle | | W.S. § 1–20–106(b) | $2,000.00 | | |
| (X) Tools of Trade | | W.S. § 1–20–106(b) | $2,000.00 | | |
| ( ) Implements of Prof. Man | | W.S. § 1–20–106(b) | | | |
| ( ) Personal Service Earnings | | W.S. § 1–17–411 | 50% | | |
| ( ) Life Insurance Benefits | | W.S. § 26–15–129 | 100% | | |
| ( ) Disability Ins. Proceeds | | W.S. § 26–15–130 | 100% | | |
| ( ) Group Life & Disability Proceeds | | W.S. § 26–15–131 | 100% | | |
| ( ) Annuity Proceeds | | W.S. § 26–15–132 | | | |
| ( ) Fraternal Benefit Society Benefits | | W.S. § 26–34–118 | 100% | | |
| ( ) Unemployment Comp. Benefits | | W.S. § 27–3–116 | 100% | | |
| ( ) Worker's Comp. | | W.S. § 27–12–708 | 100% | | |
| ( ) Public Assistance | | W.S. § 42–1–114 | 100% | | |
| ( ) Notary Seal | | W.S. § 32–1–106 | 100% | | |
| ( ) Wyo. Retirement | | W.S. § 9–5–226 | 100% | | |
| ( ) Highway Patrol, Game & Fish Retirement | | W.S. § 31–3–120 | 100% | | |
| (X) Entireties Property | | 11 USC 522(b)(2)(B) | 100% | (X) | (X) |

All of the debtor's property that qualifies all, including but not limited to: Stock, mineral interests, real estate, accounts, intangibles and personal property, which includes, but would not necessarily be limited to the following: 1) all of the debtor's shares in the Wenande Land & Livestock Co., Inc. 2) all of the debtor's shares in the Trail Creek Grazing Assoc.