**In re Charles Ross WELTY, d/b/a Tri State Oil Reclaimers, d/b/a Tri State Mobile Wash, d/b/a Tri State Racing, Debtor.**

**Bankruptcy No. 97–21243.**

United States Bankruptcy Court,
D. Wyoming.

Jan. 21, 1998.

---

James R. Belcher, Holland & Hart, Cheyenne, WY, for Plaintiff.

Georg Jensen, Cheyenne, WY, for Defendant.

## ORDER ON OBJECTION
## TO EXEMPTIONS

PETER J. McNIFF, Bankruptcy Judge.

An objection by Ecotek Site PRP Committee (Ekotek) to various exemptions from the estate claimed by the debtor, Charles Ross Welty, came before the court for hearing on December 23, 1997. The court, having considered the pleadings, the evidence, and the arguments of the parties, is prepared to rule.

On September 16, 1997, Mr. Welty filed this chapter 13 case. On schedule C he claimed a number of exemptions from the property of the estate. Mr. Welty also scheduled a number of obligations, including some joint obligations owed by him and his non-debtor spouse, Sharna Welty. A portion of the joint debt is secured by real property held in a tenancy by the entirety. Some of the joint obligations are unsecured.

The validity of several of the claimed exemptions is disputed by Ecotek. The court will address them in the order raised.

*Homestead Exemption*

Mr. Welty claims a homestead exemption in unencumbered real property located in Laramie County, Wyoming. Mr. Welty owns four parcels of real property which are contiguous. All of the parcels were separately conveyed at different times. Two of the parcels, upon which Mr. Welty's mobile home is located, are adjacent and owned in a tenancy by the entirety with Mrs. Welty. These parcels are described on Exhibit B to Mr. Welty's schedule A.

Two other parcels are owned by Mr. Welty individually. Mr. Welty claimed a homestead exemption in what appears to be the two separate parcels described as parcel 1 and parcel 2 on exhibit A to schedule A. These parcels are vacant land without improvements.

The entireties parcels were each conveyed to the Weltys by two deeds separate from and unrelated to parcels 1A and 2A. Parcel 1A was apparently conveyed to Mr. Welty after Mr. and Mrs. Welty owned the Exhibit B parcels, and parcel 2A at some time between the entireties conveyances.

Exemptions from an estate are claimed pursuant to 11 U.S.C. § 522(b)(2)(A) and Wyoming Statute § 1–20–109 (1997). The homestead exemption which Mr. Welty claims is authorized by Wyoming Statute § 1–20–101 in the amount of $10,000. Under Wyoming law, a debtor may claim an exemption in a mobile home of only $6,000. Wyo. Stat. § 1–20–104.

For a homestead exemption to be valid, the debtor must occupy the homestead at the time the bankruptcy case is filed. Wyo.Stat. § 1–20–102; 11 U.S.C. § 522(b)(2)(A). Mr. Welty argues that, because he occupies a mobile home on a contiguous parcel, parcels 1A and 2A are exempt as part of the same property.

The court disagrees. All of these parcels are not one. The parcel upon which the debtor actually resides is owned in an entirely different type of ownership from the parcels claimed as exempt. The debtor's intent at the time of purchase is evidenced by the deeds.

Regardless of his intent, the exemption fails under Wyoming law. Section 1–20–104 requires that a homestead consist of "a house and lot or lots" or "a house trailer or other movable home." Mr. Welty does not claim an exemption in a house or a mobile home on this lot, and there is no home on the lot. The court concludes that Mr. Welty does not occupy parcels 1A ad 2A within the intent of the statute. Contiguousness does not equate with occupancy.

*Tenancy by the Entireties Exemptions*

Mobile home: Mr. Welty claims an exemption in his mobile home as property held in a tenancy by the entirety. However, at the creditors' meeting held in this case, the parties agreed that the title to the mobile home was held by Mr. Welty individually.

That admission notwithstanding, Mr. Welty did not amend schedule C. At the hearing, he conceded that the mobile home is not

exempt as property held in a tenancy by the entirety and accordingly, the exemption will be denied.

Haynor Use Oil, Inc.: Mr. Welty claims as exempt a "1/2 interest in Haynor Use Oil, Inc.," as property held in a tenancy by the entirety. Mr. Welty does not own an interest in any such corporation which could be claimed as exempt.

However, at the hearing he argued that his interest in a limited liability company called Haynor Oil Company, L.L.C., is held in a tenancy by the entirety and is, therefore, exempt. Schedule C has not been amended. To avoid inviting further litigation, the court will rule on the validity of such an exemption.

■ Under § 522(b)(2)(B), a debtor may exempt property held in a tenancy by the entirety if that form of ownership creates an exemption from process under state law. Apparently, but not explicitly, personal property may be so held in Wyoming. *In re Anselmi*, 52 B.R. 479, 485 (Bankr.D.Wyo. 1985). To establish a tenancy by the entirety, each of five unities must be shown to exist at the same time; i.e., the unities of interest, time, title, possession, and marriage. *Id.* at 486.

■ When personalty is intangible property, the property is incapable of being possessed. In that circumstance, the instrument of conveyance itself must contain language creating the right of survivorship. A joint tenancy will not be presumed in Wyoming without a clear manifestation of intent on the face of the instrument of conveyance. *Oatts v. Jorgensen*, 821 P.2d 108, 114 (Wyo.1991). If lacking, the property is held as tenants in common. *Fehling v. Cantonwine*, 522 F.2d 604, 606 (10th Cir.1975).

■ An equity ownership interest in a limited liability company is intangible personal property. Here, the Articles of Organization of Haynor Oil Company, L.L.C., describing the Weltys as members, are the only evidence of Mr. and Mrs. Weltys' ownership interests. There are no certificates of ownership. The articles provide that each member may transfer an interest on consent of the other members, and that after one member's interest is terminated, any remaining member may continue to conduct business.

The articles do not expressly demonstrate an intent to hold ownership in the company in a tenancy by the entirety, or even to provide for a right of survivorship. They do not state the percentage interest, or indicate that the Weltys are husband and wife. Accordingly, the court concludes that Mr. Welty's interest in Haynor Oil Company, L.L.C., is as a tenant in common, and the exemption is denied.

■ Accounts Receivable: Mr. Welty claims, pursuant to 15 U.S.C. § 1673, an exemption in wages totaling $19,906. These "wages" are actually 75% of the accounts receivable due Mr. Welty's business on the date of filing his chapter 13 petition. At the hearing, Mr. Welty's counsel indicated that this figure should be reduced by some unspecified business expenses for purposes of calculating the "wages." Mr. Welty has not amended schedule C.

Mr. Welty operates his oil recycling company himself. He hires employees who perform the labor involved. Mr. Welty testified that the compensation he takes from his business is not fixed. Rather, he pays himself after payment of expenses of the business, including the wages of his employees, and does not receive a regular salary.

The § 1673 restrictions on garnishment (claimed as exempt here) were enacted as part of the Consumer Credit Protection Act. In compliance and accordance with that Act, Wyoming created a similar garnishment exemption. Wyo. Stat. § 1–15–408 (1997). The debtor argues by comparison to Wyoming case law.

Both federal and state law provide that the maximum portion of "the aggregate disposable earnings of an individual" for an applicable work week is exempt up to a specified percentage. Earnings are defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise." 15 U.S.C. § 1672; Wyo.Stat. § 1–15–102 (1997).

■ Mr. Welty's exemption fails because the accounts receivable of his business are not "disposable earnings" as defined by 15

U.S.C. § 1672. The United States Supreme Court interpreted the term "disposable earnings" for purposes of the CCPA in the case of *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), *reh'ing denied* 419 U.S. 886 (1974). The Court essentially equated disposable earnings with "periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Id.* at 651, 94 S.Ct. at 2436.

Wyoming law is in accord with *Kokoszka* and provides no support for the debtor's claim. In *Coones v. Federal Deposit Insurance Corp.*, 796 P.2d 803, 805 (Wyo.1990), the Wyoming Supreme Court held that the words "or otherwise" in the statute do not operate to extend the exemption beyond conventionally described earnings for personal services. The court stated that profits and business earnings are outside the meaning of wages and salary. *Id.*

However, Mr. Welty contends that the better rule is found in *Lingle State Bank of Lingle v. Podolak*, 740 P.2d 392 (Wyo.1987). In *Podolak*, the court was interpreting a previous statute, dissimilar from § 1–15–102. The court in *Podolak* recognized that its decision was no longer applicable.

In light of the statutory interpretations of the two high courts and the commonality of the language, Mr. Welty's business accounts receivable are not exempt from this chapter 13 estate as disposable earnings. Only personal compensation earned and due on the date he filed his petition, if any, is exempt from the estate and from the liquidation analysis required under § 1325(a)(4).

Joint Obligations: The last issue raised by Ekotek is whether an exemption in property held in a tenancy by the entirety is valid to the extent that there are claims upon which both the debtor and his nonfiling spouse are liable. Consistent with the other rulings in this order, the property remaining in issue consists of the two parcels of jointly held real property scheduled on Exhibit B to Mr. Welty's schedule A.

■ Wyoming law is settled and consistent with other jurisdictions on this question in the context of a chapter 7 case, regardless of whether the spouses are both debtors or one is a nondebtor. *In re Wenande*, 107 B.R. 770 (Bankr.D.Wyo.1989); *In re Cochrane*, 178 B.R. 1011, 1022 (Bankr.D.Minn. 1995). In the *Wenande* case, the court held that entireties property is only exempt to the extent that the equity therein exceeds the total amount of all debts owed jointly by the debtor and his spouse. *In re Wenande*, 107 B.R. at 774.

■ The law in Wyoming is also settled that to the extent joint debts exist, the entireties property may be liquidated and distributed to all unsecured creditors by the trustee under the provisions of § 726. *Id.* Of course, this is a chapter 13 case and § 726 is not the section under which creditors are paid.

■ Nonetheless, the principles are the same. To the extent joint claims exist against Mr. Welty's estate and his nonfiling spouse, the value of the tenancy by the entireties property is not exempt. The debtor must include this value in the liquidation analysis accompanying his plan, and in the payments made under the plan.

Accordingly, it is ORDERED that the objections of Ekotek to the exemptions claimed by the debtor are sustained, and the debtor's interest in his real property identified as Parcels 1 and 2 of Exhibit A, the 1994 Atlantic mobile home, his interest in Haynor Oil Company, L.L.C., and the business accounts receivable are property of the estate and not exempt; and, it is further

ORDERED that all property owned as a tenancy by the entirety is only exempt to the extent that the equity exceeds the total amount of the debts jointly owed by the debtor and his nonfiling spouse.