MEMORANDUM ***
Defendant and Debtor Yehoshua Shuki Michaely (“Michaely”) challenges two judgments of non-dischargeability entered on September 27, 2001 by the Bankruptcy Court in favor of Appellees Patty Michaely (“Ms. Michaely”), his former spouse, and Fried and Goldsman, APLC, her counsel. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the Bankruptcy Court’s conclusions of law de novo and its factual findings for clear error, In re Smith’s Home Furnishings, Inc., 265 F.3d 959, 962-63 (9th Cir.2001), and we affirm.
Michaely first challenges the judgments by arguing that the bankruptcy court improperly gave evidentiary value to the Discovery Referee’s findings of fact and conclusions of law. Courts generally may take judicial notice to establish the fact of litigation in another court, but not for the truth of the matters in that litigation. See Wyatt v. Terhune, 315 F.3d 1108, 1114 n. 5 (9th Cir.2003). The Bankruptcy Court specifically gave no evidentiary value to the Discovery Referee’s findings of fact and conclusions of law. Rather, the Bankruptcy Court took testimony over a four day period of time, considered the parties’ exhibits at the time of trial, and considered the evidence submitted during the dissolution proceeding. The Bankruptcy Court independently reviewed the evidentiary record and made findings of fact and conclusions of law based upon admissible evidence — none of which are challenged by Michaely. While the Bankruptcy Court reached the same conclusions, and adopted the findings of the Discovery Referee as his own, such conclusions were based upon the evidentiary record before the Bankruptcy Court and its independent review of that evidence.
Next, Michaely contends that the Bankruptcy Court erred in declining to rule on his request to find that $826,146.40 in attorney’s fees had been discharged in Ms. Michaely’s bankruptcy case. Pursuant to 11 U.S.C. § 524(e), the discharge of Ms. Michaely’s obligations on the debt “does not affect the liability of any other entity on, or the property of any other entity for, such debt.” 11 U.S.C. § 524(e); Resorts Int’l, Inc. v. Lowenschuss, 67 F.3d 1394, 1401 (9th Cir.1995) (§ 524(e) prevents the bankruptcy court from discharging liabilities of non-debtors). As the obligation for payment of attorney’s fees as support or maintenance was imposed on Michaely pursuant to the May 10, 1995 support order entered by the Los Angeles Superior Court, the attorney’s fees debt was Michaely’s separate debt, not subject to discharge in Ms. Michaely’s bankruptcy case.****
*442 Finally, Michaely contends that Ms. Michaely’s failure to list her fraud and defalcation claims as assets in her own bankruptcy case precludes her from bringing those claims in an adversarial proceeding in his bankruptcy case. In general, when the value of an asset is unknown, as in the case of secreted assets, a “simple statement to that effect” satisfies the scheduling requirement of 11 U.S.C. § 521(a). Cusano v. Klein, 264 F.Sd 936, 946 (9th Cir.2001) (quoting In re Wenande, 107 B.R. 770, 772 (Bankr.D.Wyo.1989)). Here, Michaely fails to show that the Bankruptcy Court abused its discretion in concluding from the factual record that Ms. Michaely properly disclosed the assets of the estate, to the extent then known, and her belief that Michaely had secreted and transferred community property.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

 The panel assumes that Ms. Michaely will be allowed to recover attorney’s fees in connection with this appeal as further maintenance and support for Ms. Michaely pursuant *442 to the May 10, 1995 support order issued in the Los Angeles Superior Court dissolution action.