**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**November 21, 2017**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

IN RE AUSTIN FOX JENNINGS,

Debtor.

_____

AUSTIN FOX JENNINGS,

Appellant,

v.

RANDY L. ROYAL, Chapter 7 Trustee,

Appellee.

BAP No. WY-17-002

Bankr. No. 10-21436
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Wyoming
_____

Submitted on the briefs.**

_____

Before **NUGENT**, **SOMERS**, and **MOSIER**, Bankruptcy Judges.

_____

**NUGENT**, Bankruptcy Judge.

---

\*      This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

\*\*      After examining the briefs and appellate record, the Court has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. Bankr. P. 8019(b). The case is therefore submitted without oral argument.

_____

Section 522(b)(3)(B) of the Bankruptcy Code[1] exempts from property of the estate any property of the debtor that is held in a tenancy by the entirety, to the extent that property is exempt from process under nonbankruptcy law (the "TBE" or "entireties" exemption).[2] Under Wyoming common law, property that is held by a married couple in a tenancy by the entirety can be claimed exempt by a debtor to the extent that the equity in the real property exceeds the amount of the couple's joint debts.[3] Tenancy by the entirety property is not exempt from execution for the joint obligations of the husband and wife.[4] So, the extent of the TBE exemption under Wyoming law depends on the amount of joint claims against the husband and wife.

Austin Jennings filed an individual Chapter 7 bankruptcy on December 9, 2010. His wife Sheridan Jennings did not file. Before Jennings filed, the couple acquired a home in Casper, Wyoming. In Jennings's schedules, he listed several joint claims against the two of them, including their home mortgage and a sizeable Internal Revenue Service tax claim for prior years' income taxes. He claimed the Casper home as his exempt homestead under the Wyoming homestead statute.[5] He also claimed his entireties interest

---

[1] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

[2] 11 U.S.C. § 522(b)(3)(B).

[3] *In re Wenande,* 107 B.R. 770, 774 (Bankr. D. Wyo. 1989).

[4] *Id.* (citing *Peters v. Dona,* 49 Wyo. 306, 54 P. 2d 817 (1936)).

[5] WYO. STAT. ANN. § 1-20-101 (West 2010).

in it exempt under § 522(b)(3)(B).[6] The trustee objected to the entireties exemption.[7] A hearing on the exemption objection was continued at length because during the pendency of the bankruptcy case, Ms. Jennings sought relief from the Internal Revenue Service (the "IRS") from joint liability on the tax claim under the "injured [sic] spouse"[8] rule. The matter languished until late 2013 when the IRS ruled against Ms. Jennings. She then appealed her joint tax liability to the United States Tax Court (the "Tax Court"). The Tax Court concluded that Ms. Jennings was indeed jointly liable for back taxes amounting to $114,068.30. In a series of orders, the bankruptcy court held that Jennings could claim the entireties exemption "to the extent that the equity exceeds the total amount of the debts owed jointly by the debtor and his non-filing spouse."[9] The debtor appealed and we affirm.

Jurisdiction and Standard of Review

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit.[10] On June 5, 2015,

---

[6] *Schedule C*, *in* Appellant's App. at 24.

[7] *Trustee's Amended Objection to Debtor's Claim of Exemption*, *in* Appellant's App. at 39-40.

[8] Ms. Jennings claimed relief under the "*innocent* spouse" rule. *See infra* note. 30.

[9] *Order Granting Motion to Alter or Amend Order on Trustee's Amended Objection to Debtor's Claim of Exemptions* at 8, *in* Appellant's App. at 96-103. *See also Order on Trustee's Amended Objection to Debtor's Claim of Exemption*, *in* Appellant's App. at 78-82; and *Order Approving Stipulation on Exemption Objections and Order Vacating Hearing*, *in* Appellant's App. at 119-20.

[10] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8001.

the bankruptcy court ruled that Jennings could take the entireties exemption, but that the amount of the exemption could not be determined until the tax appeal concerning the extent of the couple's joint taxes had been decided (the "June 2015 Order").[11] Jennings appealed, and, at the urging of the Trustee, another panel of this Court dismissed the appeal as interlocutory.[12] Jennings now contends that the June 2015 Order became final when the parties' stipulation resolving the exemption dispute was approved by the bankruptcy court and entered on January 12, 2017 (the "2017 Order").[13] We agree. Fed. R. Bankr. P. 8002 provides that an appeal from a bankruptcy court's final order must be taken not later than fourteen days after that order's entry. Jennings filed his notice of appeal on January 20, 2017.

After the Tax Court ruled that Ms. Jennings was jointly liable for over $114,000 with Jennings,[14] the parties filed a stipulation stating that the issues concerning the exemption had been resolved by the June 2015 Order and no further evidentiary hearing was necessary.[15] With the Tax Court's decision, the value of the entireties exemption (*i.e.*, the value of the homestead remaining after subtracting the amount of the couple's

---

[11] June 2015 Order at 7, *in* Appellant's App. at 102.

[12] *In re Jennings*, BAP No. WY-15-025 (10th Cir. BAP July 9, 2015) (order dismissing case for lack of appellate jurisdiction) (stating that appealed orders were interlocutory).

[13] *Stipulation on Exemption Objections*, *in* Appellant's App. at 116-18; *Order Approving Stipulation on Exemption Objections and Order Vacating Hearing*, *in* Appellant's App. at 119-20.

[14] *Decision* at 1, *in* Appellant's App. at 107.

[15] *Stipulation on Exemption Objections* at 2, *in* Appellant's App. at 117.

joint debts for which it might be liable) became readily ascertainable. By its terms, the June 2015 Order could not be final until the Tax Court ruled. The Trustee attached a copy of the Tax Court's decision to his January 11, 2016 status report, but the mere fact of the Tax Court order's attachment did not have the effect of rendering the June 2015 Order final.[16] A year later, on January 12, 2017, the bankruptcy court accepted the stipulation between the debtor and Trustee,[17] entering the 2017 Order that, in part, stated the validity of the entireties exemption had been resolved by the June 2015 Order and no issues remained.[18] That order was the final order that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," [19] and from which a timely appeal was taken. Therefore, we have jurisdiction over this appeal.

---

[16] *Decision*, *in* Appellant's App. at 107-08 (attached to *Status Report to the Court*, in Appellant's App. at 105-06). *See* Fed. R. Civ. P. 54(a) and Fed. R. Bankr. P. 7054, made applicable to contested matters by Fed. R. Bankr. P. 9014(a). *See Zinna v. Congrove*, 755 F.3d 1177, 1181 (10th Cir. 2014) ("An order is final if it contains 'a complete act of adjudication' and evidences the [ ] court's intention that it is the court's final act in the matter.").

[17] *Stipulation of Exemption Objections*, *in* Appellant's App at 116-118.

[18] 2017 Order, *in* Appellant's App. at 119. A bankruptcy court order granting or denying an exemption is a final order. *Duncan v. Zubrod (In re Duncan)*, 294 B.R. 339, 341-42 (10th Cir. BAP 2003).

[19] *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)).

This appeal involves a review of the bankruptcy court's legal conclusions concerning the debtor's eligibility to claim the Wyoming common law TBE exemption and the extent of that exemption. We review legal conclusions *de novo*.[20]

Facts

After Austin Jennings filed this Chapter 7 case, Randy Royal was appointed Chapter 7 trustee. Jennings and his wife purchased their home in Casper before Mr. Jennings filed.[21] They hold it as tenants by the entirety, a species of title that is recognized by Wyoming common law. When Jennings filed his case, he claimed one hundred percent of the value of the home exempt under § 522(b)(3)(B). That section exempts entireties or joint tenant interests in property to the extent they are exempt from process under nonbankruptcy law. He also claimed the less generous Wyoming statutory homestead exemption of $10,000.[22] According to the property tax assessor's statement, the market value of the property was $304,823.[23] It is encumbered by a $132,858

---

[20] *In re Borgman,* 698 F.3d 1255, 1259 (10th Cir. 2012) (Validity of claimed state law exemption is reviewed *de novo,* without deferring to the bankruptcy court's interpretation of state law.); *In re Duncan,* 294 B.R. at 342.

[21] *Trustee's Deed Exhibit 1 Trustee's Memorandum in Support of Objection to Claim of Exemption*, *in* Appellant's App. at 74.

[22] WYO. STAT. ANN. § 1-20-101 (West 2010). The Wyoming homestead exemption amount was $10,000 on the date of Jennings's bankruptcy petition. It was raised to $20,000 in 2012.

[23] *Property Tax and Assessment Information Exhibit 1 Debtor's Memorandum in Support of his Exemption Claim*, *in* Appellant's App. at 68.

mortgage securing a debt jointly owed by Jennings and his wife.[24] On Schedule C, Jennings stated the current value of his interest in the home was $152,411.50 – apparently representing the value of his one-half interest.[25] The Trustee objected to the entireties exemption.[26]

Jennings had scheduled more than the jointly-owed mortgage debt, including a $116,629 unsecured priority claim of the IRS that he initially listed as jointly owed.[27] According to the claims register, the IRS filed an amended proof of claim of $421,691.41 on January 22, 2015, seeking a $11,620.60 priority claim and a $119,621.44 unsecured claim.[28] Jennings's wife applied to the IRS to be treated as an "innocent spouse," which if fully allowed, may have absolved her of her joint liability on the tax debt.[29] After the IRS denied that application, she appealed to the Tax Court.

---

[24] *Schedule D*, *in* Appellant's App. at 25. Using these figures, Jennings had $171,965 in equity in the home before deducting any other joint debts.

[25] *Schedule C*, *in* Appellant's App. at 24.

[26] *Trustee's Objection to Debtor's Claim of Exemption*, *in* Appellant's App. at 37-40.

[27] *Schedule E*, *in* Appellant's App. at 28.

[28] Appellant's App. at 44.

[29] The parties have variously referred to Ms. Jennnings's efforts for relief from joint liability for the tax debt under both the "injured spouse" rule and the "innocent spouse" rule. Different tax forms are filed for the respective relief but both types of relief may alter a spouse's allocation of liability for taxes on a jointly filed return. IRS Form 8379 is filed for "injured spouse" relief. This enables the "injured spouse" to get back their share of a joint refund where the joint overpayment is applied to a past-due obligation of the other spouse. *See* https://www.irs.gov/forms-pubs/form-8379-injured-spouse-allocation (viewed Nov. 20, 2017). IRS Form 8857 is filed for "innocent spouse" relief. This relief is available if the other spouse should be solely responsible for an erroneous item or an underpayment of tax on the joint tax return. *See* www.irs.gov/form8857 (viewed Nov. 20,

Jennings and the Trustee initially agreed that the exemption issues were not ripe for trial until the Tax Court ruled on Ms. Jennings's appeal. Then, in February of 2015, Jennings's counsel requested that the bankruptcy court hear and consider the legal merits of the Trustee's objection. After receiving briefs, the bankruptcy court entered an order dated February 11, 2015, stating that the decision whether the debtor was entitled to take the TBE exemption depended on whether Ms. Jennings was jointly liable for the tax debt, the issue then pending before the Tax Court (the "February 2015 Order").[30] Jennings moved to alter or amend that decision.[31] After another hearing, the bankruptcy court entered the June 2015 Order, stating that "Wyoming law allows a debtor to exempt property held as tenants by entireties."[32] The bankruptcy court further held:

> The allowable exemption provides the debtor an exemption in the real property, *to the extent that the equity exceeds the total amount of debts owed jointly by the Debtor and his non-filing spouse.* In this case, the Debtor is allowed this claimed exemption. *However, the amount of the Debtor's exemption cannot be determined until the appeal pending in the Tax Court is entered.*[33]

2017). The only documentation of the relief sought by Ms. Jennings is the final stipulated Tax Court decision entered November 12, 2015 referencing I.R.C. § 6015(f) and it states that there were no overpayments in income tax. Appellant's App. at 107-08. Based upon the limited facts of record before this Panel, and the fact that the Jennings did not pay their tax liability, it would appear that Ms. Jennings sought "innocent spouse" relief. *See also* 26 U.S.C. § 6015 (Relief from joint and several liability on joint return). In any event, the theory under which Ms. Jennings sought relief from joint liability for the tax debt is not material to the resolution of this appeal.

[30] February 2015 Order, *in* Appellant's App. at 78-82.

[31] *Motion for Further Findings and/or to Alter or Amend Order*, *in* Appellant's App. at 85-87.

[32]  June 2015 Order at 7, *in* Appellant's App. at 102.

[33] *Id.* (second emphasis added).

Jennings appealed the June 2015 Order, but because it left open the possibility that Jennings might not have "equity"[34] above the joint claim to exempt, another panel of this Court concluded that it was interlocutory and dismissed the appeal.[35] Then, in November 2015, the Tax Court entered its decision accepting an agreement between Ms. Jennings and the IRS that Ms. Jennings was jointly liable with Jennings for $114,068.30 of the tax debt.[36] The Trustee attached a copy of that ruling to a status report dated January 11, 2016 and filed it with the bankruptcy court.[37] In an order dated November 11, 2016, the bankruptcy court set the exemption objection for evidentiary hearing in January 2017.[38] Jennings and the Trustee requested a status conference after which they submitted a *Stipulation on Exemption Objections*[39] that recited the TBE exemption "was resolved by this court on June 5, 2015 by [the June 2015 Order],"[40] stated that issues surrounding certain personal property exemptions had been resolved, and advised the bankruptcy

---

[34] *Id.*

[35] *In re Jennings,* BAP No. WY-15-025 (10th Cir. BAP July 9, 2015) (order dismissing case for lack of appellate jurisdiction) (stating the June 2015 Order and February 2015 Order were interlocutory).

[36] *Decision*, *in* Appellant's App. at 107-08. This joint debt would further reduce the amount of debtor's exemption: $171,965 equity - $114,068.30 joint tax liability = $57,896.70.

[37] *Status Report to the Court*, *in* Appellant's App. at 105-06.

[38] *Order Scheduling Evidentiary Hearing on Trustee's Objection to Exemption*, *in* Appellant's App. at 109-10.

[39] Appellant's App. at 116.

[40] *Id.* at 2, *in* Appellant's App. at 117.

court that a hearing was unnecessary.[41] The bankruptcy court then entered the 2017 Order, approving the parties' stipulation and finding that the "issue of the debtor's claim of exemption in his real property was resolved by this Court on June 5, 2015 by [the June 2015 Order]"[42] and that no further issues relating to the debtor's exemption claims remained.[43] This appeal followed.

Analysis

Wyoming law provides that when a married couple acquires land by a deed "to husband and wife,"[44] without saying more, a tenancy by the entireties is created.[45] The Jennings's deed to their Casper property fits this conveyance description.[46] The Wyoming Supreme Court has described the nature of a tenancy by the entireties:

> "A conveyance or devise to two persons, who are husband and wife at the time property vests in them," says 2 Thompson on Real Property, 939, § 1735, "creates an estate by entireties. *By reason of their legal unity by marriage, they together take the whole estate as one person. Neither has a separate estate or interest in the land, but each has the whole estate.* Upon the death of one the entire estate and interest belongs to the other, not by virtue of survivorship, but by virtue of the title that vested under the original limitation."[47]

---

[41] *Id.*

[42] 2017 Order, *in* Appellant's App. at 119-20.

[43] *Id.*

[44] *Witzel v. Witzel*, 386 P.2d 103, 105 (Wyo. 1963).

[45] *Id.*

[46] *Trustee's Deed Exhibit 1 Trustee's Memorandum in Support of Objection to Claim of Exemption*, *in* Appellant's App. at 74.

[47] *Peters v. Dona*, 54 P.2d 817, 819–20 (Wyo. 1936) (emphasis added). *See also Ward Terry & Co. v. Hensen*, 297 P.2d 213, 214-15 (Wyo. 1956).

Property that is held in the entirety cannot be subjected to a husband's debt during the life of the wife without her consent.[48] The husband and wife "together take the whole estate as one person, and 'neither has a separate estate of interest in the land, but each has the whole estate.'"[49] Likewise, Wyoming law provides that property held in the entirety cannot be subjected to the individual debts of either spouse.[50] Because neither husband nor wife has a separate interest or estate, neither one can alienate or encumber TBE property without the other spouse's consent.

The Bankruptcy Code exempts a debtor's entirety interest in § 522(b)(3)(B) by exempting—

> Any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is *exempt from process* under applicable nonbankruptcy law.[51]

Accordingly, Wyoming bankruptcy courts traditionally have held that Wyoming debtors may claim their entirety interests exempt because those interests would be "exempt from

---

[48] *Ward Terry*, 297 P.2d at 215. *See also Colo. Nat'l Bank v. Miles,* 711 P.2d 390, 393-94 (Wyo. 1985).

[49] *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195, 1201 (10th Cir. 2003) (quoting *Talbot v. United States*, 850 F.Supp. 969, 973 (D. Wyo. 1994)) (quoting *Peters,* 54 P.2d at 820).

[50] *Peters*, 54 P.2d at 826. *See also Talbot*, 850 F. Supp. at 973. ("[P]roperty held as a tenancy by the entireties 'is not subject to execution or other creditor's process for the separate debts of one of the spouses.'").

[51] 11 U.S.C. § 522(b)(3)(B) (emphasis added).

process"[52] as a matter of Wyoming law.[53] The leading case is *In re Wenande*, where the bankruptcy court stated that while TBE property may not be used to satisfy individual claims against either debtor it may be used to satisfy the husband and wife's joint debts. In effect, under Wyoming law, TBE property is not exempt from joint claims against both spouses. Thus, the amount of the exemption depends on the existence of joint creditors. The *Wenande* bankruptcy court concluded:

> The amount of entireties property that these joint debtors may exempt out of their estate under § 522(b)(2)(B) is their equity in the entireties property, less the total sum of all joint claims against both debtors. If the sum of the total claims held by creditors with claims against both debtors exceeds the debtors' equity in their entireties property, then none of their entireties property may be exempted from the estate. If there were not a single creditor with a claim against both of the debtors, their entireties property would be totally exempt.[54]

Any entireties property that is not exempt remains property of the estate. Once a debtor claims an exemption, the burden to prove that the exemption is not proper shifts to the Trustee.[55]

Jennings does not challenge these legal principles. He instead relies on several other arguments to defeat the Trustee's efforts to administer that part of Jennings's TBE property that may not be exempt. He first argues that the Trustee may not "stand in the

---

[52] *Id.*

[53] *In re Wenande,* 107 B.R. 770, 774 (Bankr. D.Wyo. 1989) (joint debtors case); *In re Welty,* 217 B.R. 907, 911 (Bankr. D. Wyo. 1998) (applying *Wenande* in single debtor case with non-filing spouse).

[54] *Wenande,* 107 B.R. at 774.

[55] Fed. R. Bankr. P. 4003(c).

shoes of"[56] the IRS to challenge the exemption. He argues, without authority, that the "particular nature"[57] of tax debt precludes the Trustee from challenging the exemption. Jennings mischaracterizes the Trustee's position in this case. Jennings relies on the Fourth Circuit Court of Appeals decision in *Schlossberg* in vain.[58] There, the Chapter 7 trustee sought to invoke § 544(a)(2) hypothetical creditor status to step into the shoes of the IRS in an effort to reach TBE property debtor owned with her non-filing spouse and thwart the debtor's exemption claim under Maryland law. The Fourth Circuit rejected the trustee's attempt to invoke § 544(a)(2), stating that the dispositive issue was "whether § 544(a)(2) vests a trustee with the rights and powers of the IRS as a hypothetical creditor to penetrate the entireties exemption for the benefit of the *individual creditors* of the debtor."[59] Here, the debt in question is a joint liability to the IRS; in *Schlossberg* it was the debtor's individual debt. As in Wyoming, Maryland law exempts TBE property from process executed by the holder of a claim against one spouse.[60] The Fourth Circuit also noted that § 544(a)(2) confers upon a trustee the rights and powers of a hypothetical "creditor that extends credit to the debtor."[61] The IRS is not a "creditor that extends

---

[56] Appellant's Br. 10.

[57] *Id.* at 11.

[58] *Schlossberg v. Barney,* 380 F.3d 174 (4th Cir. 2004).

[59] *Schlossberg,* 380 F.3d at 177 (emphasis added).

[60] *Id.* at 178. *See Ward Terry & Co. v. Hensen*, 297 P.2d 213, 215; *Colo. Nat'l Bank v. Miles,* 711 P.2d 390, 393-94 (Wyo. 1985).

[61] 11 U.S.C. § 544(a)(2).

credit"[62] within the meaning of § 544(a)(2) and therefore the trustee cannot step into the

shoes of the IRS. A § 544(a)(2) hypothetical creditor's debt is voluntarily incurred; a

debtor's tax liability is not the product of a voluntary extension of credit.[63]

In short, the trustee could not invoke § 544(a)(2) to defeat the debtor's entireties

exemption. *Schlossberg* is also irrelevant here because the Trustee did not invoke

"strong-arm" powers under § 544(a)(2). Instead, he claimed that the joint debts, including

the tax debt, of Jennings and his non-filing spouse reduced the extent of the entireties

exemption, relying on *In re Wenande.*

Jennings further suggests that a trustee cannot not use a joint debt to exercise

control over a non-debtor's property because a non-filing spouse's TBE interest is not

property of the estate. But Jennings's interest undoubtedly is part of the estate's property;

that interest is an indivisible interest in the whole property.[64] Debtors cannot shield

property from the estate simply because it is TBE property.[65]

Jennings's next argument was not presented to the bankruptcy court and is based

upon facts occurring after the June 15 Order, after the conclusion of the tax appeal, and

---

[62] *Id.*

[63] *Schlossberg*, 380 F.3d at 180-81. *See* § 544(a)(2) (voiding transfers that are voidable by "a creditor that extends credit to the debtor.").

[64] *Peters*, 54 P.2d at 820; *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195, 1201 (10th Cir. 2003); *In re Anselmi,* 52 B.R. 479, 483 (Bankr. D. Wyo. 1985) (debtor's interest in entirety property is property of debtor's estate under 11 U.S.C. § 541(a)(3)).

[65] *In re Wenande*, 107 B.R. 770, 774-75 (Bankr. D. Wyo. 1989) (concluding joint debtors' non-exempt TBE property is property of the estate and may be used to satisfy all creditor claims.); *In re Welty,* 217 B.R. 907, 911 (Bankr. D. Wyo. 1989) (applying *Wenande* in single debtor spouse case*); Anselmi,* 52 B.R. at 483.

after Jennings filed this appeal.[66] Nevertheless, we note that on March 31, 2017, the Trustee filed an adversary proceeding to sell the TBE property under § 363(h).[67] The bankruptcy court may determine whether the Casper property can be feasibly partitioned in kind or whether it must be sold and the proceeds divided between the estate and the non-debtor spouse. That proceeding is not relevant to the exemption issues presented in this appeal; nor is it complete. A discussion of its merits is not properly before us.

Finally, Jennings claims that the appealed order somehow violates the distribution priorities established by § 726(a).[68] Jennings appears to conflate allowing the exemption with implementing the distribution scheme under the Bankruptcy Code.[69] This issue is also premature because it does not appear that any distribution has occurred.

Conclusion

All that is before us today is the June 2015 Order that *upholds* Jennings's right to claim his entireties interest exempt so long as that interest is greater than Mr. and Ms.

---

[66] Issues and arguments not raised below will not ordinarily be considered on appeal. *Rademacher v. Colo. Ass'n. of Soil Conservation Dists. Med. Benefit Plan*, 11 F.3d 1567, 1571-72 (10th Cir. 1993). An appellate court may only consider materials actually before the trial court. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1148 (10th Cir. 1990).

[67] 11 U.S.C. § 363(h); Appellant's App. at 126-31.

[68] 11 U.S.C. § 726.

[69] *Wenande* observes that entirety property that is not exempt is property of the estate. State law determines the extent of the exemption, but bankruptcy law, § 726, determines distribution and nowhere provides specifically for joint creditors. 107 B.R. at 774-75, citing Kalevitch, *Some Thoughts on Entireties in Bankruptcy*, 60 Am. Bankr. L.J. 141, 148 (Spring, 1986).

Jennings's joint indebtedness. Because we agree that he may exercise that exemption to that extent, we AFFIRM.